**In re Deryl W. GINGERY, Social Security No. 521–36–4402, Debtor.**

**No. 84 B 01341 C.**

United States District Court, D. Colorado.

May 2, 1985.

Bruce C. Bernstein, Denver, Colo., Trustee.

David M. Kanigel, Evergreen, Colo., Paul D. Rubner, Denver, Colo., for debtor.

## FINDINGS, CONCLUSIONS AND ORDER ON TRUSTEE'S OBJECTIONS TO HOMESTEAD EXEMPTION AND PROOF OF CLAIM

PATRICIA ANN CLARK, Bankruptcy Judge.

The two matters before the Court are the trustee's objection to the homestead exemption claimed by the debtor, and the trustee's objection to a proof of claim filed by the debtor on behalf of the Internal Revenue Service (IRS). The trustee asserts that the Bankruptcy Code does not allow a debtor to exempt property recovered pursuant to the trustee's avoiding powers if the debtor transferred the property voluntarily. Further, the trustee urges the Court to disallow the IRS proof of claim because it was not timely filed and it was without supporting documentation. The debtor, on the other hand, argues that he is entitled to claim an exemption for the property he conveyed since he did not conceal the transfer. The debtor also maintains that the IRS claim he filed on the agency's behalf should be allowed since it was filed within a reasonable time.

The facts relating to the homestead exemption are not contested and this issue

will be dealt with first. The debtor, Deryl W. Gingery, transferred $15,000 in cash and his interest in three parcels of real estate to his wife, Norma Gingery, on November 15, 1983. Included in these transactions was the debtor's one-half interest in the family residence located at 2814 South Eaton Way, Denver, Colorado. On the same day, the debtor transferred $10,000 to his son, Kevin Gingery. The debtor received no consideration in return for any of the aforementioned transfers.

On March 26, 1984, the debtor filed a petition seeking protection under Chapter 7 of the Bankruptcy Code. The debtor's Statement of Financial Affairs disclosed the transfers made by the debtor to his wife and son. Bruce Bernstein was appointed trustee, and on August 7, 1984, he filed a complaint alleging that the previously listed transactions were fraudulent and subject to his avoiding powers. A default judgment was entered by The Honorable John F. McGrath on October 25, 1984 against both Norma Gingery and Kevin Gingery requiring them to return to the estate the $25,000 in cash and the interests in real property. On January 21, 1985, the debtor amended his Schedule B–4 to include a claim for the Colorado homestead exemption set forth in C.R.S. 38–41–201, 202. The trustee objected to allowing the debtor the homestead exemption and a hearing was held on March 25, at which the Court pursuant to the agreement of counsel also heard argument on the trustee's objection to the IRS proof of claim.

A determination of whether the debtor is entitled to the Colorado homestead exemption requires this Court to engage in statutory interpretation. It is apparent that the debtor's transfer of his interest in the family residence was voluntary but not concealed. The trustee takes the position that the Bankruptcy Code precludes a debtor from exempting property that the trustee subsequently recovers if the debtor's transfer was *either* voluntary *or* concealed. The debtor, on the other hand, asserts that the Code precludes a debtor from exempting such property only if the debtor's transfer was *both* voluntary *and* concealed. Simply put, is a debtor denied an exemption if his fraudulent transfer was merely voluntary, or rather, must the transfer be both voluntary and concealed. However, before reaching this issue, it is first necessary for the Court to determine which statutory provision is applicable.

Despite the fact that Colorado has opted out of the federal exemption scheme, 11 U.S.C. § 522 provides the framework by which debtors may avail themselves of the applicable state exemptions. Section 522(g) governs exemptions on property recovered by the trustee (contra 11 U.S.C. § 522(h); property recovered by the debtor). Section 522(g) provides:

> (g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—
>
> (1)(A) such transfer was not a voluntary transfer of such property by the debtor; *and*
>
> (B) the debtor did not conceal such property; or
>
> (2) the debtor could have avoided such transfer under subsection (f)(2) of this section.

11 U.S.C. § 522(g) (emphasis added).

The debtor argues that Section 522(g) is inapposite here because the language of the provision is limited to the trustee's recovery of property under Sections 510(c)(2), 542, 543, 550, 551, and 553. The debtor reasons that since the trustee recovered the debtor's interest in the family residence pursuant to Section 548 (i.e., the trustee's avoiding powers for fraudulent transfers), and Section 548 is not listed in Section 522(g), then Section 522(g) cannot be applicable to the facts at hand. However, the debtor's interpretation of Section 522(g) fails to take into account that the trustee's avoiding powers including Section 548 are incorporated in Section 550.

Section 550 is the operative arm with which the trustee can reach property that was the subject of an avoided transfer. This provision holds the transferee liable for property acquired in a transfer that is subsequently avoided by the trustee. It provides:

(a) Except as otherwise provided for in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a), of this title, the trustee may recover, for the benefit of the estate, the property transferred,....

11 U.S.C. § 550.

Clearly, Section 548 must be read in conjunction with Section 550 in order for the trustee's avoiding power to inure to the benefit of the estate. Since Section 548 is incorporated in Section 550, and Section 550 is expressly provided for in Section 522(g), it is apparent that property avoided pursuant to Section 548 comes under the ambit of Section 522(g).

The legislative history of Section 522(g) supports the conclusion that Congress contemplated applying 522(g) to fact scenarios like the present one. The House Judiciary Committee Comments on Section 522(g) stated:

Subsection (g) gives the debtor the ability to exempt property *that the trustee recovers under one of the trustee's avoiding powers* if the property was involuntarily transferred away from the debtor (such as by the fixing of a judicial lien) and if the debtor did not conceal the property.

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 362 (1977), U.S. Code Cong. & Ad.News 1978, 5787, 6318 (emphasis added). Section 522(g) makes reference to the trustee's avoiding powers through Section 550. Therefore, Section 522(g) is indeed applicable to the present case.

Both parties here appear to have been confused as to which subsection of Section 522 is applicable. The trustee based his objection on the debtor's failure to meet the conditions set forth in Section 522(h)(2). He was accurate in concluding that the debtor is not entitled to an exemption under Section 522(h). Section 522(h) provides as follows:

(h) The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee has avoided such transfer, if—

(1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this tittle [sic]; and

(2) the trustee does not attempt to avoid such transfer.

11 U.S.C. § 522(h).

This section is inapplicable on its face because the language in subparagraph (2) clearly limits the application of the entire subsection to cases where the trustee chose not to exercise his avoiding powers. *Matter of Tressler*, 41 B.R. 779 (Bankr.D.Del. 1984). In the present case, the trustee, not the debtor, avoided the transfer thereby activating Section 522(g) as the relevant subsection. Despite the fact that Section 522(g), instead of Section 522(h), was the appropriate provision for the trustee to base his objection on, the debtor was put on notice that his claim for a homestead exemption was contested. In fact, the debtor addressed the applicability of 522(g) in his argument and was not prejudiced by the trustee's reference to the wrong subsection of 522. Consequently, the court finds that it is appropriate to apply the correct provision although it was not raised with specificity in the trustee's objection.

The debtor on the other hand, asserted that this case comes squarely within the purview of Section 522(i)(2). However, this subsection does not provide the debtor with independent authority to exempt property, it merely fills a gap left by Section 551 interpreted in the context of exemptions claimed by the debtor. Section 551 automatically preserves avoided transfers for the benefit of the *estate* and Section 522(i)(2) provides that the voided transfer may be preserved for the benefit of the

*debtor,* limited to the extent that the debtor may exempt such property under Section 522(g). 3 *Collier on Bankruptcy,* ¶ 522.30 (15th ed.1985). Thus, the exemptions contemplated in Section 522(i)(2) are expressly subject to the debtor meeting the conditions set forth in Section 522(g). *See In re Ward,* 36 B.R. 794 (Bankr.D.S.D.1984).

▪ A literal reading of Section 522(g) compels the conclusion that a recovered asset cannot be exempted if it was transferred voluntarily regardless of whether or not such transfer was concealed. This interpretation is based upon the use of the conjunctive "and" placed between the two conditions set forth in Section 522(g)(1). The debtor may claim an exemption if— "(1)(A) such transfer was not a voluntary transfer of such property by the debtor; *and* (B) the debtor did not conceal such property; ...." 11 U.S.C. § 522(g)(1) (emphasis added). Thus it is apparent that in order for a debtor to claim an exemption on recovered property, both subparagraphs (A) and (B) must be present, and if either is missing the exemption fails. This result is strongly supported by applicable case law.

▪ The Tenth Circuit Court of Appeals applied Section 522(g) in *Redmond v. Tuttle,* 698 F.2d 414 (1983) and determined that the debtor could not claim an exemption if the transfer was voluntary.

> Property fraudulently transferred out of an estate and later recovered by the trustee cannot then be exempted by the debtor. Indeed, the transfer need only be voluntary, not just fraudulent, to preclude exemption. 3 Collier on Bankruptcy ¶ 522.08(3) (15th ed.1982). Section 522(g)(1), under which debtors seek to exempt the money, provides that a recovered asset can be exempted to the extent that it could have been exempted had it not been transferred out of the estate if (a) the transfer was not voluntary and (b) the debtor did not conceal the property. 11 U.S.C. § 522(g)(1) (Supp. V 1981) (footnote omitted).

*Redmond v. Tuttle,* 698 F.2d at 417.

*See also In re Reaves,* 8 B.R. 177 (Bankr.D.S.D.1981); *In re Nolen,* 40 B.R. 6 (Bankr.

M.D.Ala.1984); *In re Bullock,* 41 B.R. 637 (Bankr.E.D.Pa.1984). Clearly, Section 522(g) bars this debtor from claiming a Colorado homestead exemption within the context of his Chapter 7 liquidation because he voluntarily transferred his interest in the family residence to his wife.

The facts relating to the claim filed on behalf of the IRS are also not contested. The first meeting of creditors was scheduled for May 9, 1984. On January 21, 1985 the debtor filed a proof of claim on behalf of the IRS for $59,040. This obligation was purported to have arisen from the debtor's liability for the failure of Gingery Associates, Inc., to deposit withholding taxes for the third quarter of 1983. The IRS is the only unsecured creditor.

▪ The trustee objected to the proof of claim the debtor filed on behalf of the IRS because it was not supported by adequate documentation and it was untimely. First, as to the objection based upon the lack of supporting documentation, this Court can find no requirement either in the Bankruptcy Code or Rules that unsecured priority claims like the IRS claim, need be supported by additional documentation. The IRS claim is not a secured claim that requires evidence of perfection of the security interest or a claim based upon a writing that requires that the underlying writing be produced. Consequently, additional documentation to support the IRS claim is not required.

The timeliness requirements for filing a proof of claim in a Chapter 7 liquidation are set forth in Bankruptcy Rule 3002. It provides that "a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, ...." However, 11 U.S.C. § 501(c) provides that "If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim." The issue presented here is whether Section 501(c) creates an extension of the 90-day period.

▪ Several courts have held that Section 501(c) necessarily means that the debt-

or may file a claim after the deadline set for the creditors' filing of claims. In the absence of a statutory or rule prescribed time limit, the courts shall fashion a reasonable procedural time period. *In re Circle Litho*, 12 B.R. 752 (Bankr.D.Conn.1981). A debtor should be afforded a reasonable time to file a claim on behalf of a creditor after the creditor's deadline for filing claims has passed such that the other creditors are not prejudiced or the administration of the estate is not unduly delayed. *In re Higgins*, 29 B.R. 196 (Bankr.N.D.Iowa 1983); *In re Starkey*, 49 B.R. 984 (Bankr.D. Colo.1984).

The facts in *In re D.A. Behrens Enterprises, Inc.*, 33 B.R. 751 (Bankr.M.D.Pa. 1983) (hereinafter referred to as *Behrens*) closely parallel the facts in the present case. In both cases the bankruptcy trustee objected to the debtors' filing of proof of claim on behalf of the IRS almost six months after the IRS failed to make a timely filing. The Court in *Behrens* looked at the congressional intent behind allowing the debtor to file proofs of claim under Subsection 501(c).

> The purpose of this subsection is mainly to protect the debtor if the creditor's claim is nondischargeable. If the creditor does not file, there would be no distribution on the claim, and the debtor would have a greater debt to repay after the case is closed than if the claim were paid in part or in full in the case or under the plan.

S.Rep. No. 95–989, 95th Cong., 2d Sess. 61 (1978), U.S.Code Cong. & Ad.News, 5787, 5847. The Court in *Behrens* then noted that the IRS claim was nondischargeable, and if no payments were made from the bankruptcy estate, the debtors would remain liable to the IRS in the full amount. Finally, the court stated that although nearly six months had elapsed, no showing was made that any undue prejudice to the creditors had resulted, or that administration of the estate had been unreasonably delayed. Consequently, the court in *Behrens* concluded that the debtor's filing of the proof of claim on behalf of the IRS was

done within a reasonable time period and the trustee's objection was denied.

The facts are even more compelling for denying the trustee's objection here than they were in *Behrens*. In *Behrens*, the other creditors were forced to take less on the distribution because the IRS claim cut into the available assets. Except for the IRS claim there are no other allowable unsecured claims, therefore there is no prejudice to other creditors. Furthermore, the lateness of the proof of claim was not due to the debtor's dilatory conduct since it appears that the debtor was not aware of either the failure of the IRS to file a claim or the need for him to file on behalf of the IRS. The attorney who had initially represented the debtor in his bankruptcy withdrew in October, 1984, which was shortly after the last day for filing claims. Soon thereafter, David Kanigel was substituted as the debtor's counsel, but his representation was limited solely to pursuing a dismissal of the case. This Court advised Mr. Kanigel that it would allow a dismissal if all the creditors consented. It was not until January that Mr. Kanigel was able to determine that he could not secure the consent of all the creditors for a dismissal. Consequently on January 21, 1985, a proof of claim was filed on behalf of the IRS.

The Court is satisfied that the debtor has provided a reasonable explanation for the delay. Despite the fact that almost six months passed, the overall objectives in a Chapter 7 proceeding of expediency and finality were not unduly diminished here. Therefore, based upon the circumstances surrounding the debtor's late filing, the Court finds that the proof of claim was filed within a reasonable period of time. For the foregoing reasons, the Court concludes that the proof of claim filed by the debtor on behalf of the IRS should be allowed.

ORDERED that the debtor is not entitled to claim a homestead exemption on the real property interest recovered by the trustee.

FURTHER ORDERED that the trustee's objection to the proof of claim filed on

behalf of the Internal Revenue Service is denied.