In re Walter CARPENTER d/b/a Classic Home Remodelling, Debtor.

Walter CARPENTER d/b/a Classic Home Remodelling, Plaintiff,

v.

VALLEY WHOLESALE BUILDING PRODUCTS OF RHODE ISLAND, INC., Defendant.

Bankruptcy No. 8500342.

United States Bankruptcy Court, D. Rhode Island.

Jan. 17, 1986.

Daniel J. Archetto, Asquith, Merolla, Anderson, Ryan & Wiley, Providence, R.I., for debtor.

Stephen J. Shechtman, Quinn & Shechtman, Providence, R.I., for defendant.

Avram Cohen, Providence, R.I., trustee.

## DECISION

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on the debtor's motion, pursuant to 11 U.S.C. § 522(f)(1), to avoid a judicial lien on his principal residence, and on the objection of the lienholder, Valley Wholesale Building Products of Rhode Island,

Inc. The relevant facts are described below.[1]

Back in July 1983, Valley Wholesale filed a book account action in the Providence County Sixth Division District Court against Walter Carpenter, d/b/a Classic Home Remodelling. On November 8, 1983, apparently with no defense, and with entry of judgment in Valley's favor imminent and inevitable, Carpenter transferred his interest in the family residence to his wife, Shirley. Ten days later Valley obtained judgment in the amount of $6,890, but could not reach or levy on the property because of the interspousal transfer. Unsuccessful in its efforts to collect from Carpenter personally, Valley sued in the Providence County Superior Court to set aside the conveyance of Carpenter's real estate interest to his wife. On April 9, 1985, Superior Court Judge Ernest Torres declared the conveyance void under the Uniform Fraudulent Conveyance Act, R.I. GEN.LAWS § 6–16–1,[2] and ordered Shirley Carpenter to reconvey the property to Walter "in order that it may be reached for execution." *Judgment*, No. 84–4985 (R.I. Super.Ct. April 9, 1985). Acting promptly, Valley levied its execution against the property on May 13, 1985. On June 4, 1985, just three weeks after the property had been judicially reinstated in his name, Carpenter filed for relief under Chapter 7, and claimed a $7,500 exemption in the property.

Valley's objection to the debtor's motion to avoid a judicial lien on his principal residence presents the question whether an exemption may be claimed in property standing in the debtor's name by virtue of a recent judicial declaration that a prior conveyance was fraudulent and void. For the reasons given below, we conclude that the debtor may not claim an exemption in

---

1. This decision constitutes our findings of fact and conclusions of law. *See* Bankruptcy Rules 7052 and 9014, and Fed.R.Civ.P. 52(a).

2. 6–16–1. Conveyances to defeat creditors void—Bona fide takers for value.—Every ... conveyance of lands ... by writing or otherwise ... had or made and contrived of fraud, covin, collusion or guile, to the intent or purpose to delay, hinder or defraud creditors of their just

demands of what nature soever ... shall be henceforth deemed and taken, as against such person or persons ... whose debts, suits, demands ... or interests, by such guileful and covinous devices and practices as aforesaid, shall or may be in any wise injured, disturbed, hindered, delayed or defrauded, to be clearly and utterly void....

property previously transferred in an unsuccessful attempt to put said property beyond the reach of creditors. We also conclude, however, that Valley's lien constitutes a preference, within the meaning of 11 U.S.C. § 547,[3] which may be avoided by the trustee.

## DISCUSSION

Under 11 U.S.C. §§ 522(g)(1), and (i)(2), a debtor may not claim an exemption in property recovered by the trustee, if such property was knowingly concealed or voluntarily transferred by the debtor:

(g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—

(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and

(B) the debtor did not conceal such property;

. . . .

(i)(2) Notwithstanding section 551 of this title, a transfer avoided under section 544, 545, 547, 548, 549, or 724(a) of this title, under subsection (f) or (h) of this section, or property recovered under section 553 of this title, may be preserved for the benefit of the debtor to the extent that the debtor may exempt such

property under subsection (g) of his [sic] section or paragraph (1) of this subsection.

On November 8, 1983, the debtor conveyed his interest in his residence to his wife in a transaction subsequently declared by the Rhode Island Superior Court to be fraudulent under R.I. GEN. LAWS § 6-16-1. *See Valley Wholesale Building Products of Rhode Island, Inc. v. Walter and Shirley Carpenter,* No. 84-4985 (R.I.Super.Ct. April 9, 1985). To the extent that the conveyance constituted a fraudulent transfer in violation of state law, the trustee, under 11 U.S.C. § 544(b)[4] was empowered to avoid it, in essence, by standing in the shoes of the creditor who was wronged (Valley, in this case). *See In re Saberman,* 3 B.R. 316 (Bankr.N.D.Ill.1980). Further, a debtor may not claim an exemption in property recovered by the trustee pursuant to § 544(b), if the property was voluntarily transferred by the debtor. *See Roemelmeyer v. Vidana (In re Vidana),* 19 B.R. 787 (Bankr.S.D.Fla.1982); *see also* 11 U.S.C. §§ 522(g)(1) and (i)(2). Because the debtor's interest in the subject property was voluntarily transferred by him to his wife (and clearly with the intent to put it beyond the reach of creditors), § 522(g)(1) bars the debtor from claiming an exemption in such property. *In re Gingery,* 48 B.R. 1000 (D.Colo.1985); *Salomon v. Kaiser (In re Kaiser),* 32 B.R. 701 (S.D.N.Y. 1983).

The debtor argues, however, that § 522(g)(1) is inapplicable to him because

---

**3.** § 547. Preferences

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
(1) to or for the benefit of a creditor;
(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
(3) made while the debtor was insolvent;
(4) made—
(A) on or within 90 days before the date of the filing of the petition; or
(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider;

(5) that enables such creditor to receive more than such creditor would receive if—
(A) the case were a case under chapter 7 of this title;
(B) the transfer had not been made; and
(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

**4.** § 544(b).

The trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.

that section deals with property recovered *by the trustee*, and he argues that Code sections providing the trustee with the power to defeat a debtor's exemption do not give a creditor (Valley) similar rights. The debtor also cites two bankruptcy cases, *Nesset v. Blueher Lumber Co. (In re Nesset)*, 33 B.R. 326 (Bankr.D.N.M.1983) and *Krajci v. Mt. Vernon Consumer Discount Co. (In re Krajci)*, 7 B.R. 242 (Bankr.E.D.Pa.1980), in support of his position that the debtor's fraud, vis-a-vis an individual creditor, does not defeat the debtor's right to avoid a lien under § 522(f)(1). These courts reasoned that fraud is not a defense in a § 522(f)(1) action, because where Congress intended that fraud bar relief, it has stated so explicitly. We do not find those cases applicable here.

■ While it is true that a creditor acting on its own behalf may not rely upon § 522(g)(1) to defeat a debtor's claim of exemption, this provision was not intended to preclude a creditor from acting on behalf of the trustee for the benefit of the estate. *See, e.g., Creditors' Committee v. Jermoo's Inc. (In re Jermoo's)*, 38 B.R. 197 (Bankr.W.D.Wis.1984) (Creditors' Committee allowed to bring action regarding fraudulent transfer); *In re Jones*, 37 B.R. 969 (Bankr.N.D.Tex.1984) (Creditors' Committee allowed to bring preference action); *Unsecured Creditors' Committee v. Farmers Savings Bank (In re Toledo Equipment Co., Inc.)*, 35 B.R. 315 (Bankr.N.D.Ohio 1983) (Creditors' Committee allowed to bring preference action); *In re Evergreen Valley Resort, Inc.*, 27 B.R. 75 (Bankr.D.Me.1983) (Creditors' Committee allowed to bring a declaratory judgment action regarding determination of ownership of property and validity of claims); *Official Committee of Unsecured Creditors v. I. Hyman Corp. (In re Joyanna Holitogs, Inc.)*, 21 B.R. 323 (Bankr.S.D.N.Y.1982) (Creditors' Committee allowed to bring preference action); *Committee of Unsecured Creditors v. Monsour Medical Center (In re Monsour Medical Center)*, 5 B.R. 715 (Bankr.W.D.Pa.1980).

Because the property in question was transferred back to Carpenter three weeks *prior* to the filing of his petition, it was property of the estate, and a recovery action by the trustee was no longer possible or even necessary. The debtor nevertheless contends that since, at the time of the filing there was no fraudulent transfer to be avoided, there is no Code provision limiting his right to claim an exemption. This argument is easier for me to understand when it is expressed as follows—I am entitled to keep this property which stands in my name today, because I have not fraudulently tried to convey it *today*.

The debtor, unsuccessful in placing this substantial asset beyond creditors' reach (while continuing to enjoy it—he lives there), now tries this end run by urging that because the property was recovered by a creditor and not the trustee, the exemption is not lost. This argument would give unparalleled meaning to the cliche "form over substance." Valley Wholesale accomplished precisely that which the trustee would have been required to do; seek a reconveyance into the debtor's name of property recently transferred fraudulently by him. Had it not been for Valley's effort and diligence in pursuing this matter, there would be no real estate in which the debtor could attempt to claim an exemption. *See In re Sherk*, 108 F.Supp. 138 (N.D.Ohio 1952).

■ Notwithstanding our conclusion that the debtor may not claim an exemption in the subject property, Valley's lien is nevertheless avoidable, and is hereby deemed avoided by the trustee, pursuant to § 547 which prevents creditors from gaining special advantage on or within 90 days prior to the time that a petition is filed. We take this action *sua sponte*, in the interest of judicial economy, since the lien was acquired when Carpenter was insolvent, within the 90 day period, and would enable Valley to receive more than it would in a pro rata distribution of the debtor's assets.

■ In the circumstances, it is reasonable that Valley's counsel be compensated

by the estate for reasonable and necessary legal services to void the conveyance. *See In re Cormier*, 35 B.R. 424 (Bankr.D.Me. 1983) (services beneficial to estate should be compensated by the estate). Had Valley's counsel not performed these services which clearly have benefited the estate, the trustee, through counsel, would have been required to perform virtually the same job. Accordingly, Mr. Shechtman should submit (copy to trustee) within ten days, an application for compensation, with a detailed statement of the services rendered, time expended, and expenses necessary to void the conveyance.

Enter Judgment accordingly.