In re Billy Joe **MILCHER** and Deanna **Milcher, Debtors.**

Bankruptcy No. SG 87–03805.

United States Bankruptcy Court, W.D. Michigan.

May 26, 1988.

Douglas Leitch, Grand Rapids, Mich., trustee.

Joseph C. McCully, Jr., Kalamazoo, Mich., for debtors.

Dunn, Schouten & Snoap, Perry G. Pastula, Wyoming, Mich., for trustee.

**MEMORANDUM OPINION DENYING DEBTORS' MOTION TO AVOID JUDICIAL LIEN PURSUANT TO 522(f)**

JO ANN C. STEVENSON, Bankruptcy Judge.

This matter came before the Court upon the Debtors' Motion to Set Aside a Lien on

---

a 1986 Ford Escort (hereinafter "Ford Escort"). The Trustee filed a response to the Debtors' Motion as well as an Objection to the Debtors' Amended Exemption Schedule and for Turnover of Property.

The following facts are undisputed:

1. The Debtors filed a Chapter 7 Bankruptcy on December 21, 1987.

2. On or about April 7, 1987, prior to the filing of the Bankruptcy, the Debtors pledged their Ford Escort to secure payment of a promissory note in the principal amount of $6,732.53 executed by Debtor Billy Joe Milcher in favor of Thornapple Valley Community Credit Union (hereinafter "Thornapple Valley").

3. Thornapple Valley failed to submit an application for Michigan title to the Michigan Secretary of State listing it as a secured party on the certificate of title.

4. Neither the application for title nor the vehicle certificate of title lists Thornapple Valley as a secured party.

5. The Debtors amended their schedules on February 29, 1988 and claimed the 1986 Ford Escort as exempt pursuant to 11 U.S. C. 522(d)(1)(5).[1]

The Court's file contains an affidavit of mailing indicating that the Debtors' Motion to Set Aside Lien and Notice of Hearing was served upon Thornapple Valley at 202 East Woodlawn, Hastings, Michigan 49058, on April 4, 1988. Thornapple Valley, however, did not appear by or through counsel at the hearing on Debtors' Motion and the Trustee's Response and Objections thereto.

■ As succinctly explained by the Honorable Arthur J. Spector in *In Re Gilbert*, 82 B.R. 456 (Bkrtcy.E.D.Mich.1988), a security interest in an automobile is perfected by listing the secured creditor on the application for Michigan title. In this case Thornapple Valley was listed neither on the application for title nor on the vehicle certificate of title. Thus, its unperfected security interest can be avoided by the Trustee pursuant to 11 U.S.C. § 544(a) and automatically preserved for the benefit of the estate pursuant to 11 U.S.C. § 551.

While the Debtors' February 29, 1988 Amendment of schedules was timely filed under Bankruptcy Rule 1009, the Debtors' attempt to claim the exemption pursuant to 11 U.S.C. § 522(f) must fail. 11 U.S.C. § 522(f) provides as follows:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; or

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

(B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or

(C) professionally prescribed health aids for the debtor or a dependent of the debtor.

■ The Debtors' allegation that the Trustee has a judicial lien on the 1986 Ford Escort which impairs the debtors' exemption in the automobile is erroneous. A judicial lien is defined at 11 U.S.C. § 101(32) as a

lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding;

The Trustee does not have a judicial lien on the Debtors' automobile. Rather, he merely has the rights of a judicial lienholder pursuant to 11 U.S.C. § 544(a)(1) for avoidance purposes.

Nor can the Debtors prevail under Section 522(f)(2) as they are attempting to set aside a purchase money security interest in a vehicle and neither that consensual security interest nor that type of personal property is enumerated within Section 522(f)(2).

---

1. The Court understands this is a reference to § 522(d)(5), the "spillover" exemption.

And, finally, the Debtors cannot prevail under either Sections 522(g) or (h) as the transfer of the Debtors' interest in the Ford Escort to Thornapple Valley was a voluntary grant of a security interest and thus does not meet the "involuntary" requirements of Section 522(g)(1) and, by implication, of Section 522(h).

The property recovered by the Trustee by virtue of his avoidance of the unperfected security interest in the Ford Escort is automatically preserved for the benefit of the estate. 11 U.S.C. § 551. Since the Debtors cannot come within any of the exceptions provided in Sections 522(g), (h), or (i) it appears that they are probably unable to benefit measurably by exempting property recovered by the Trustee's avoiding powers.

It is possible, however, that the Debtors may be entitled to any excess of sale proceeds over the value of the lien avoided [2] pursuant to 11 U.S.C. § 522(d)(5). *See In Re Curtis*, 44 B.R. 416 (Bkrtcy.N.D.Miss. 1984). The Court declines, however, to decide that issue at this time as there is no indication that an excess exists, and further, the parties have not pursued that issue. Should the sale proceeds realized exceed the debt owed Thornapple Valley the Debtors may timely renew their motion to claim the excess pursuant to the Section 522(d)(5) spillover exemption.

For the reasons stated above, the Debtors' Motion to Set Aside the Claimed Judicial Lien of the Trustee and to Exempt the 1986 Ford Escort Pursuant to Section 522(f) is denied. The Trustee's Objections to the Debtors' Amended Exemption Schedule based on Section 522(f) is granted. The Trustee's Motion for Turnover of Property is granted pursuant to Amended Rule 7001(1), and the Trustee is directed to determine the debt owed Thornapple Valley at the time the Debtors filed their Chapter 7 petition. Debtors' Motion to Claim an exemption in the Escort proceeds pursuant to Section 522(d)(5) is denied without prejudice to the Debtors to timely refile their motion, if appropriate, after the Trustee's sale of the Escort.

The Trustee is to prepare the order in conformity with this opinion.

---

**2.** The Court notes that there appears to be a dispute as to the debt owed Thornapple Valley at the time the debtor filed his petition. The Trustee alleges the debt was $6,732.55 while the Debtors scheduled the debt at $5,400.00. A review of the Court file does not reveal a proof of claim filed by Thornapple Valley.