**In re Michael Ward SAVAGE and Linda Kay Savage, Debtors.**

**Bankruptcy No. 2–87–05156.**

United States Bankruptcy Court, S.D. Ohio, E.D.

Aug. 29, 1988.

Thomas H. Grace, Columbus, Ohio, trustee.

Samuel L. Calig, Columbus, Ohio, for debtors.

Charles M. Caldwell, Columbus, Ohio, Asst. U.S. trustee.

## OPINION AND ORDER ON OBJECTION TO CLAIMS OF EXEMPTION

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on an objection by trustee in bankruptcy, Thomas H. Grace, the duly-appointed trustee of this bankruptcy estate ("Trustee") to certain claims of exemption asserted by debtors Michael and Linda Savage. The debtors opposed the Trustee's objection and the matter was heard by the Court.

The Court has jurisdiction in this contested matter under 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) in which this Court may enter a final order.

The debtors filed a joint petition under Chapter 7 of the Bankruptcy Code on November 17, 1987. Their personal property schedules set forth ownership by Michael Savage of a 1982 Oldsmobile Omega valued at $2,500 and ownership by both debtors of "employment bonus severance money" in an unknown amount. Exemption claims included with the original filings asserted the maximum exemption in "wages and earnings" permitted by Ohio Revised Code § 2329.66(A)(13). No exemption was claimed for the Oldsmobile and it is unclear if the "wages" exemption was intended to include the severance pay.

On March 23, 1988 the debtors amended their claims of exemption to include the maximum amount permitted by law for Michael Savage for the Oldsmobile and to assert an exemptable amount of $800 for each debtor in the severance money pursuant to Ohio Revised Code §§ 2329.66(A)(4) and (A)(17). It is those amended claims of exemption which are challenged by the Trustee.

### I. *The Claim of Exemption for an Interest in the Oldsmobile.*

During the course of administering this bankruptcy estate the Trustee determined that the security interest of Society Bank ("Society") in the Oldsmobile was unperfected. Meanwhile, the debtors had determined they would be unable to repay that obligation and had surrendered the vehicle to Society. The Trustee liquidated the vehicle through a sale which was noticed to the debtors and was not opposed. From that sale the estate received net proceeds of $620. It is the $620 which Michael Savage wishes to obtain by his claim of exemption.

The ability of a Chapter 7 debtor to assert a claim of exemption in property which has been recovered for a bankruptcy estate by a Trustee through the use of his avoiding powers is set forth in 11 U.S.C. § 522(g) which provides:

> Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—

(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and

(B) the debtor did not conceal such property; or

(2) the debtor could have avoided such transfer under subsection (f)(2) of this section.

Essentially § 522(g) recognizes, where a property interest has been involuntarily taken from a debtor by means such as execution, repossession or certification of a judgment, that it would be inequitable not to permit a debtor to assert an otherwise allowable exemption for an interest in that property once the property or its value has been recovered by the Trustee under powers granted by the Bankruptcy Code. However, the same rationale does not hold for interests which were voluntarily transferred by the debtor. *In re Milcher*, 86 B.R. 103 (Bankr.W.D.Mich.1988).

The Bankruptcy Code does not grant to a debtor the power to avoid an unperfected consensual lien on his own behalf. With the exception of the limited power in 11 U.S.C. § 522(h) to avoid certain transfers which the Trustee chooses not to avoid and the right to avoid nonpurchase-money non-possessory liens pursuant to § 522(f)(2), the debtor generally is not given avoiding powers. The power granted by § 522(h), which carries with it the right to assert appropriate exemptions, is limited to involuntary transfers, and the power in § 522(f)(2) is strictly limited to a specific type of lien which is set apart.

Michael Savage's transfer of an interest in the Oldsmobile to Society by the granting of a security interest was not an involuntary transfer. Rather, such interest was given voluntarily in exchange for loan proceeds used to purchase the automobile. Society's unperfected security interest, while not enforceable against third parties such as the Trustee, remains valid between the debtor and Society. The avoidance provisions of the Bankruptcy Code, which exist generally only to benefit the estate, do not operate to permit the debtor to avoid this consensual security agreement. Accordingly, the Court finds that Michael Sav-age may not assert an exemption in the proceeds from the sale of the Oldsmobile recovered for the estate by the actions of the Trustee.

II. *The Claim of Exemption for Interests in the Severance Pay.*

The Trustee also challenges the debtors' rights to claim exemptions for a portion of the funds received as "severance pay". The Trustee alleges that the provisions of Ohio Revised Code § 2329.66(A)(4)(a) do not extend to such pay and, even if that section is generally applicable, the debtors' rights to the pay arose outside of the 90–day period contemplated by that provision. Further, the Trustee objects to the assertion of any rights in those funds on behalf of Linda Savage. The debtors not only oppose the Trustee's position, but also argue that the pay may never have been property of the bankruptcy estate.

The estate has received $2,269.78 attributable to a severance grant paid to the debtors by a check payable to Michael Savage from The Salvation Army ("Army"). Despite the fact that only Michael Savage was a captain in the Army, the rules under which that organization operates require both spouses to serve as officers and labor regularly in the Army's affairs. It was Linda Savage's testimony that she worked in excess of 40 hours each week during the time her husband was a captain in the Army. He was not permitted to become an officer without her participation and his resignation required that she concurrently terminate her work in that organization. Under those facts, the Court finds that, despite the inclusion of only Michael Savage's name as payee on the severance grant check, the funds belong equally to both debtors.

The Court also finds that the debtors' rights to a separation grant, although uncertain as to amount, arose either when they resigned from the Army in July, 1986, or, at the latest, one year after that date. It was their testimony that the Army delays acceptance of resignations for at least one year to permit officers to reconsider decisions to resign. If reconsideration does

not occur, the resignations are final and the process relating to entitlement to a severance grant begins. Even though the debtors may not have been able to enforce specifically any right to a grant prior to its finalization because of its discretionary nature, the expectation for such grant arose either upon their resignations or upon the final effectiveness of those resignations after the passage of one year without reconsideration. Both of those dates preceded the bankruptcy filing. Accordingly, the debtors had at least an equitable interest in the grant at the time their bankruptcy case was filed. That equitable expectancy became part of their bankruptcy estate by the operation of 11 U.S.C. § 541(a).

The only issue remaining is whether the debtors may exempt some portion of the severance grant from the property of this bankruptcy estate. Because Ohio has opted out the federal exemptions provided in 11 U.S.C. § 522(d), state law governs the debtors' claim. Under Ohio law the debtors have claimed amounts of $400 each under Ohio Revised Code § 2329.66(A)(4)(a) and an additional $400 each under Ohio Revised Code § 2329.66(A)(17). The claim of exemption under § 2329.66(A)(17) is not opposed. Accordingly, the debtors each have a claim of exemption from the estate of $400 of the severance grant.

The contested exemption claim arises under Ohio Revised Code § 2329.66(A)(4)(a). That section provides:

> (A) Every person who is domiciled in this state may hold property exempt ... as follows:
>
> (4)(a) The person's interest, not to exceed four hundred dollars, in cash on hand, money due and payable, money to become due within ninety days, ...

The debtors resigned from the Army on July 1, 1986. On December 30, 1987 they received a letter from the Army setting forth December 9, 1987 as the date their resignation had been accepted by the appropriate Army official. That letter further stated that the debtors would be eligible for a separation grant at some future date upon the signing of required releases. That grant, in the amount of $2,269.78, was made available to the debtors by letter of February 1, 1988, although the necessary releases were not executed until February 27, 1988. The question is whether the grant, which was characterized by the debtors as a discretionary award, was money due and payable or money to become due within ninety days of the bankruptcy filing date of November 17, 1987, within the meaning of Ohio Revised Code § 2329.66(A)(4)(a).

The debtors did not take the final step of executing releases so that the funds could be turned over to them until February 27, 1988, a date outside the ninety days contemplated by Ohio Revised Code § 2329.66(A)(4)(a). Despite that fact, however, the Court finds that the funds were "due" the debtors at the latest on February 4, 1988, when they received a letter from the Army's Cincinnati office stating that the check was theirs upon their proper witnessed execution of the release form. February 4, 1988 is a date within ninety (90) days after the bankruptcy filing, and the claims of exemption are therefore within the provision of Ohio Rev. Code § 2329.66(A)(4)(a). Accordingly, the debtors are each entitled to a $400 exemption in the severance grant under Ohio Revised Code § 2329.66(A)(4)(a) to the extent such amount is available and otherwise unused.

Consistent with the foregoing, the Trustee's objection to Michael Savage's claim of exemption in the 1982 Oldsmobile is SUSTAINED. The Trustee's objection to the claims of exemption by both debtors in the severance grant is OVERRULED.

IT IS SO ORDERED.