In re John L. GLASS, Debtor.

Michael D. HITT, Chapter
7 Trustee, Appellant,

v.

John L. GLASS, Appellee.

BAP No. WW–93–1416–RiMeJ.
Bankruptcy No. 92–33034.

United States Bankruptcy Appellate Panel,
of the Ninth Circuit.

Argued and Submitted Nov. 19, 1993.

Decided March 11, 1994.

Sam J. Alberts, Tacoma, WA, for Michael D. Hitt, Trustee.

John L. Glass, in pro. per.

Before RIBLET,[1] MEYERS and JONES, Bankruptcy Judges.

1. Honorable Robin L. Riblet, Bankruptcy Judge from the Central District of California sitting by designation.

## OPINION

RIBLET, Bankruptcy Judge:

The chapter 7 trustee objected to debtor's claim of homestead exemption, arguing that debtor was not entitled to claim such exemption under §§ 522(b) and (g)(1).[2] The bankruptcy court overruled the trustee's objection and entered an order in favor of the debtor. We REVERSE the bankruptcy court's order.

## FACTS

On July 7, 1992, John L. Glass (the "Debtor"), filed a petition under chapter 11 of the Bankruptcy Code (the "Code"). On May 31, 1992, prior to bankruptcy, the Debtor had quitclaimed a fee interest in his residence to his son, John Randy Glass, for "love and affection." The Debtor neither included the house on the real property schedules filed with the bankruptcy court, nor disclosed the transfer in his statement of financial affairs. Consistent with those omissions he did not claim a homestead exemption in the property. On August 28, 1992, the Debtor filed a second bankruptcy petition, this time under chapter 7 of the Code. Michael D. Hitt was appointed as the chapter 7 trustee (the "Trustee"). Again, the Debtor did not schedule the residence, disclose the transfer on the statement of affairs, or claim a homestead exemption.

At the meeting of creditors conducted in the latter case, a creditor advised the Trustee of the prepetition transfer by the Debtor to his son. The Trustee instructed the Debtor to amend the schedules to reflect any interest he had or may later assert in the residence. The Debtor responded by filing amended schedules in that case, indicating a fee interest in the property, and claiming a homestead exemption. The latter chapter 7 case was then dismissed, the chapter 11 case was converted to chapter 7, and Hitt was appointed as the trustee in the remaining chapter 7 case.

On November 6, 1992, pursuant to Rule 4003(b), the Trustee filed an Objection to Exemptions (the "Objection"), contesting the

2. All references to code sections, unless otherwise indicated, are to the United States Bankruptcy Code, 11 U.S.C. §§ 101–1330.

Debtor's claim of exemption made pursuant to §§ 522(b) and (g). The Trustee contended that since the Debtor did not indicate any interest in the residence in his schedules, and in addition, voluntarily conveyed the property to his son without consideration, § 522(g) precluded the Debtor from relying on the homestead exemption authorized by § 522(b). In the Objection, the Trustee also stated his intent to seek avoidance of the conveyance as a fraudulent transfer pursuant to § 548.

Three days later, on November 9, 1992, the Debtor's son reconveyed the residence to the Debtor by quitclaim deed, again in consideration of "love and affection." The deed was recorded on November 16, 1992. Neither the Trustee nor the Debtor had commenced an adversary proceeding to recover the residence for the benefit of the estate. In addition, the Trustee had not submitted a written demand or initiated formal proceedings to prompt the Debtor's son to reconvey the residence to the estate. On November 23, 1992, the Debtor filed amended schedules in the remaining chapter 7 case, listing a fee interest in the residence, and additionally, claiming a homestead exemption.[3]

The bankruptcy judge overruled the Trustee's objection, holding that the Debtor was entitled to claim the homestead exemption under § 522(b) since it was not shown that the Trustee directed any action, formal or informal, against the transferee son in order to achieve reconveyance of the residence to the estate, and therefore, the property was not recovered by the Trustee.

## ISSUE

Whether the bankruptcy court erred in its ruling that a trustee must take some action directly against a transferee in order to "recover" the property for the benefit of the estate for the purposes of prevailing on an objection to a debtor's claim of an exemption pursuant to § 522(g)(1).

## STANDARD OF REVIEW

We review the bankruptcy court's findings of fact by a clearly erroneous standard. *In re Chabot,* 992 F.2d 891, 893 (9th Cir.1993). The bankruptcy court's interpretation of § 522(g) is a conclusion of law subject to *de novo* review. *See In re Catli,* 999 F.2d 1405, 1406 (9th Cir.1993); *Chabot,* 992 F.2d at 893; *In re Yerrington,* 144 B.R. 96, 98 (9th Cir. BAP 1992).

## DISCUSSION

Since the inception of civil bankruptcy laws, allowances and exemptions have been available to debtors. 3 Lawrence P. King, et al., Collier on Bankruptcy ¶ 522.01 (15th ed. 1993). The Code allows a debtor to exempt certain amounts and types of real and personal property. *See generally* § 522. Under § 522(b), a debtor may choose between the exemptions provided by state law or the federal exemptions set forth in § 522(d). Some states have opted out of the federal exemption scheme entirely, and accordingly, their respective residents must claim the exemptions offered by state law. *See* 3 Collier on Bankruptcy, ¶ 522.02, at 522–11.

Section 522(g), however, limits the ability of a debtor to claim an exemption where the trustee has recovered property for the benefit of the estate. Under § 522(g)(1), a debtor may claim an exemption where the trustee has recovered property pursuant to §§ 510(c)(2), 542, 543, 550, 551 or 553 only if the property was involuntarily transferred and the debtor did not conceal the transfer or an interest in the property.[4] *Id.* § 522(g); 3 Collier on Bankruptcy, ¶ 522.04. Although

---

**3.** The Debtor claimed a $30,000 homestead exemption, which is the maximum exemption available pursuant to 11 U.S.C. § 522(b) and Wash. Rev.Code §§ 6.13.010 *et seq.*

**4.** Section 522(g) reads in full:
Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that

the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—
(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and
(B) the debtor did not conceal such property; or
(2) the debtor could have avoided such transfer under subsection (f)(2) of this section.

not applicable in this case, § 522(g)(2) provides that property which was voluntarily transferred may be claimed as exempt if such transfer was part of a nonpossessory, nonpurchase money security interest avoidable under § 522(f)(2). Section 548, which governs fraudulent transfers of property, is not specifically listed in § 522(g), but is incorporated through § 550(a). *See In re Gingery,* 48 B.R. 1000, 1003 (Bankr.D.Colo.1985) (holding that § 548 is incorporated into § 550 and property recovered pursuant to § 548 is covered by § 522(g)). Thus, under § 522(g)(1), a debtor may not exempt recovered property if the debtor voluntarily transferred such property or concealed the transfer or an interest in such property. *See Redmond v. Tuttle,* 698 F.2d 414, 417 (10th Cir.1983); *In re Savage,* 92 B.R. 259, 261 (Bankr.S.D.Ohio 1988); *In re Milcher,* 86 B.R. 103, 105 (Bankr.W.D.Mich.1988); *Gingery,* 48 B.R. at 1004; *In re Bullock,* 41 B.R. 637, 641 (Bankr.E.D.Pa.1984).

The Trustee asserts that the transfer from the Debtor to his son was fraudulent under § 548, and subject to the provisions of § 522(g), the Debtor forfeited his right to claim the homestead exemption since the transfer to his son was voluntary, and in addition, the Debtor concealed the transfer and did not disclose any interest in the property until after the Trustee learned of its existence through a third party. The Trustee further asserts that the property was recovered pursuant to §§ 548 and 550 since reconveyance of the property to the estate by the Debtor's son was the result of the Trustee's efforts. An adversary proceeding or formal action against the transferee, the Trustee argues, should not be required for a bankruptcy court to deny a debtor's claim of exemption under § 522(g)(1).

This is a matter of first impression in this Circuit. As the Trustee recognizes, very few courts have addressed this issue. No court has addressed a situation in which the trustee has not filed a complaint for avoidance or recovery but has been instrumental in recovery of the property. A review of the sparse number of published cases discussing this matter is instructive.

In *In re Carpenter,* 56 B.R. 704 (Bankr. D.R.I.1986), a creditor prevailed in a fraudulent transfer action under state law prior to the debtor's bankruptcy. The trustee then objected to the debtor's claim of exemption for the recovered property. The debtor argued that § 522(g)(1) did not apply to fraudulent transfer actions initiated by a creditor to recover property. The Court looked at the intent of the statute in preventing fraudulent conduct and denied the debtor's exemption, stating that it makes no difference whether a creditor, as opposed to the trustee, recovers the property. *Id.* at 707 (purpose of statute is to prevent exemption for those who engage in fraudulent transfers and to encourage the trustee and creditors to take action to bring property back into estate).

In *In re Snyder,* 108 B.R. 150, 155 (Bankr. N.D.Ohio 1989), where a trustee filed a preference action against the mortgagees (parents of the debtor), but no judgment had been reached prior to cancellation of the mortgage, the Court held that a judicial determination as to avoidability was not necessary for the trustee to prevail on an objection to a debtor's claim of exemption under § 522(g). The *Snyder* Court was concerned about debtors and third parties reconveying property only when confronted with an adversary proceeding and then allowing the debtor to exempt the equity in the recovered property by claiming a homestead exemption. *Id.* at 153–54. The Court stated that in order to sustain an objection to a debtor's claim of exemption under § 522(g), the trustee must have taken some action resulting in recovery of the property. *Id.* at 154.

Finally, in *In re Ziegler,* 20 B.R. 449 (Bankr.S.D.Ohio 1982), the Court, in dicta, opined that where there is a voluntary transfer of property by a debtor, the exemption in § 522(g) is deemed waived, regardless of whether there was an avoidance action initiated by the trustee or concealment of property by the debtor. The Court stated that the Code does not provide an exemption for those debtors who attempt an inequitable distribution of the estate's assets. Furthermore, so long as it is voluntary, the transfer need not be fraudulent or avoidable by the trustee in bankruptcy. *Id.* at 453.

■ In order to ascertain the meaning of § 522(g) as it relates to the requirement that the trustee recover property pursuant to the avoidance powers, we must first examine the language of the statute. *See United States v. Ron Pair Enter., Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989); *Landreth Timber Co. v. Landreth,* 471 U.S. 681, 685, 105 S.Ct. 2297, 2301, 85 L.Ed.2d 692 (1985). If the "plain meaning" can be readily determined from the language of the statute, that meaning controls and no further judicial inquiry is needed. *United States v. Turkette,* 452 U.S. 576, 579, 101 S.Ct. 2524, 2526, 69 L.Ed.2d 246 (1981). Considering the plain meaning of § 522(g), it is not apparent from the word "recovers" that a formal adversary proceeding against the transferee is needed for a court to deny a debtor's claim of exemption. Section 522(g) only states that, provided certain conditions are met, a debtor may exempt "property that the trustee recovers" under several Code provisions.

■ In determining the plain meaning of a statute, a court may also review the ordinary meaning of the words contained in that statute. *See Estate of Cowart v. Nicklos Drilling Co.,* 505 U.S. ——, ——, 112 S.Ct. 2589, 2595, 120 L.Ed.2d 379, 390 (1992). As to everyday usage, Webster's defines "recover" as "to get back" or "to regain." Webster's New World Dictionary 1122 (3d ed. 1988). In the legal context, "recover" is defined as above, but is also defined as "to be successful in a suit, to collect or obtain amount, to have judgment, to obtain favorable or final judgment, to obtain in any legal manner in contrast to voluntary payment." Black's Law Dictionary 1147 (5th ed. 1979). In the bankruptcy context, a trustee may "recover" fraudulently transferred property in several ways: by initiating a formal adversary proceeding, by obtaining a judgment in his or her favor in that adversary action, or merely by using the threat of the avoidance powers to convince a debtor or third party transferee to return the property to the estate. Thus, it would appear that the word "recovers" does not necessarily require that the trustee regain possession of the property through a formal legal action.

■ A literal interpretation of the statute, however, seems to indicate that "recovery" of the property must be accomplished pursuant to an action commenced under one of the enumerated code sections. *See* § 522(g) ("the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551 or 553 of this title...."). The plain meaning of a statute shall be conclusive except in the "rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters...." *Griffin v. Oceanic Contractors, Inc.,* 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982); *see also Ron Pair,* 489 U.S. at 242, 109 S.Ct. at 1031.

In this case, requiring the Trustee to recover property through a formal avoidance action would defeat the drafters' intent of limiting exemptions where a debtor has voluntarily transferred property in a manner giving rise to the trustee's avoiding powers or has engaged in fraudulent conduct by failing to disclose the transfer or an interest in the property. *See Snyder,* 108 B.R. at 152 (stating that the Code does not contemplate providing exemptions where a debtor has voluntarily transferred property in a manner giving rise to the trustee's avoidance powers). Section 522(g)(1) essentially addresses the effect of fraud by the debtor, as well as any actions which would result in the inequitable distribution of assets, on the debtor's ability to claim an exemption in property. 3 Collier on Bankruptcy, ¶ 522.08. The debtor's conduct may have occurred prior to or in anticipation of bankruptcy, for example, by making prepetition payments to creditors or transferring property in an attempt to hide assets beyond the reach of creditors. A debtor may also commit fraud during the proceeding by making false statements regarding assets on the bankruptcy petition, or failing to provide full disclosure of a property interest or prepetition transfer.

Under § 6 of the Bankruptcy Act of 1898, predecessor to the current § 522(g), a debtor was precluded from claiming an exemption where the trustee had recovered property

transferred or concealed by a debtor.[5] Section 6 was enacted to prevent the debtor from profiting at the creditors' expense from the trustee's efforts in unwinding the debtor's own transactions. *See id.* Section 522(g) was modeled after the former § 6, and accordingly, the policy continues with the refinement that in the absence of concealment, in order for the debtor to be precluded from claiming an exemption in recovered property, the transfer by debtor must have been voluntary. It was seen as unfair to disallow an exemption in recovered property where the transfer by the debtor was involuntary, such as through the execution of a lien or judicial process. *See Savage,* 92 B.R. at 261.

■ The purposes of § 522(g), as well as the foundation upon which the Code is based, should not be frustrated by a technical reading of the word "recovers." Such an argument gives "unparalleled meaning to the cliche 'form over substance.'" *Carpenter,* 56 B.R. at 707. The purpose of § 522(g) is to prevent a debtor from claiming an exemption in recovered property which was transferred in a manner giving rise to the trustee's avoiding powers, where the transfer was voluntary or where the transfer or property interest was concealed. *See* 3 Collier on Bankruptcy, ¶ 522.01. Since the Code is based upon providing honest debtors with a fresh start, a debtor who has voluntarily transferred property in an avoidable transaction or who has been dishonest in concealing assets or prepetition transfers should not be allowed to use § 522(g) as a shield. *See In re Woodson,* 839 F.2d 610, 614 (9th Cir.1988) (successful operation of bankruptcy system contingent upon honest reporting); *In re Edmonds,* 27 B.R. 468, 469 (Bankr.M.D.Tenn.1983) (exempting property is not a game of "hide and seek").

■ This Panel recognizes authority holding that the availability of exemptions is to be liberally construed in favor of the debtor. *See In re Barker,* 768 F.2d 191, 196 (7th Cir.1985); *Hyman v. Stern,* 43 F.2d 666, 668 (4th Cir.1930); *In re Gerber,* 186 F. 693, 693

(9th Cir.1911); *In re Andreotti,* 16 B.R. 28, 32 (Bankr.E.D.Cal.1981). The basis for providing the debtor with a variety of exemptions is to prevent the debtor and his or her dependents from becoming public charges. *In re Neal,* 140 B.R. 634, 636 (Bankr. W.D.Tex.1992). As a result, interpreting the trustee's ability to object to a debtor's homestead exemption is especially crucial to a debtor's ability to support him or herself without the need for public assistance.

■ Notwithstanding a liberal interpretation of debtor exemptions, a bankruptcy court, standing as a court of equity, must not tolerate actions by a debtor which cause inequitable distributions of estate property. *See Hyman,* 43 F.2d at 668; *Gerber,* 186 F. at 693. The Code's policy of assisting an honest debtor in the repayment of debts may actually conflict with the equally important policy of providing debtors with a fresh start through personal and real property exemptions. Section 522(g) addresses the unjust result which would occur if property was taken from the debtor involuntarily, by execution, judgment or other process, was later recovered by the trustee under the avoidance powers, and the debtor was then precluded from claiming an exemption in the recovered property through no wrongdoing on his or her part. *See Snyder,* 108 B.R. at 152. In those situations, assuming the debtor has not concealed the transfer or a property interest, an exemption in the recovered property may be claimed by debtor. A debtor, on the other hand, who has voluntarily transferred property in a transaction invoking the avoiding powers, or who has concealed such transfer or property interest from the trustee and creditors, has engaged in conduct which results in an unequal distribution of estate property, and should therefore, not be eligible to claim the exemptions provided in § 522(b).

Accordingly, we hold that where a debtor voluntarily transfers property in a manner that triggers the trustee's avoidance powers or the debtor knowingly conceals a prepeti-

---

**5.** "[N]o allowance shall be made out of the property which a bankrupt transferred or concealed and which is recovered or the transfer of which is avoided under this Act for the benefit of the estate...." Bankruptcy Act of 1898 § 6.

tion transfer or an interest in property, and such property is returned to the estate as a result of the trustee's actions directed toward either the debtor or the transferee, the debtor is not entitled to claim an exemption under § 522(g)(1). It is not necessary for the trustee to commence a formal adversary proceeding or obtain a final judgment to prevail on an objection to a debtor's claim of exemption pursuant to § 522(g)(1).

A trustee, however, must present sufficient facts upon which a bankruptcy court could reasonably conclude that a debtor transferred property in such a manner as to invoke the trustee's avoidance powers under §§ 510(c)(2), 542, 543, 550, 551 or 553, the transfer was voluntary or the debtor knowingly concealed the transfer or an interest in the property, and the property was returned to the estate as the result of the trustee's efforts, not limited to actions directed toward the transferee.

A debtor who has committed fraudulent acts, either before or during a bankruptcy proceeding, should not be allowed to profit from the protection provided by the exemptions. To allow an exemption in those situations contravenes the policies of the Code. As the *Snyder* Court stated, "[o]ne cannot attempt to place property beyond the reach of creditors in an attempt to prevent an equitable distribution of assets under the Bankruptcy Code, reconvey the property in the face of a trustee's complaint, and then exempt the equity in the property when it is recovered." *Snyder*, 108 B.R. at 154.

■ Turning to the facts of this case, we conclude that the bankruptcy judge clearly erred in finding that the Trustee did not recover the real property and in allowing the Debtor to claim an exemption. It is without dispute that the transfer by the Debtor to his son was voluntary and that his schedules and statements of financial affairs filed in both cases failed to disclose any interest in the property or its transfer. The overwhelming

inference from the above, and in the absence of any evidence by the Debtor to the contrary, is that the Debtor was attempting to hide assets from his creditors, thus giving rise to a cause of action under § 548(a)(1). In addition, the Debtor did not receive valuable consideration for the property and made the transfer while insolvent.[6] The Debtor transferred the residence for stated consideration of "love and affection," while its value indisputably exceeded the encumbrances on the property by at least $27,000.[7] Accordingly, the conveyance would also qualify as a fraudulent transfer under either § 548(a)(1) or (2).

We further conclude that the Trustee's actions toward the Debtor directly, and the Debtor's son indirectly, were instrumental in the return of the property to the estate. Three days after the Trustee filed his Objection, the Debtor's son reconveyed the property to the Debtor by quitclaim deed. Since the Debtor and the transferee are father and son and the transfer occurred on the heels of the Objection, the only reasonable inference to be drawn is that the Trustee's promise of legal action had a coercive effect on father and son, directly resulting in the return of the property to the estate.

Without the Trustee's intervention and discussions with the Debtor as to why the property should be reconveyed to the estate, there would be no residence in which the Debtor could claim an exemption. *See Carpenter*, 56 B.R. at 707. Providing an exemption for this Debtor, who fraudulently transferred property and then was not honest in reporting his assets or prepetition transfers, would not promote either the specific policy of § 522(g) or the general policies of the Code. *See Woodson*, 839 F.2d at 614 (honest reporting fundamental to promoting Code policies); *In re Rollins*, 63 B.R. 780, 783 (Bankr.E.D.Tenn.1986) (schedules are designed to disclose avoidable transfers).

---

6. The transfer was made thirty-seven days before the first petition was filed. The Summary of Schedules submitted with the Debtor's second petition reflects assets of $126,000 and debts of $189,150.78.

7. Debtor's Amended Schedule A lists the value of the residence as $64,000 with encumbrances of only $37,000. Moreover, the Trustee acquired a market analysis of the property which indicated a fair market value between $80,000 and $85,000.

766

## CONCLUSION

For the reasons stated above, the order of the bankruptcy court is hereby REVERSED, and this action is REMANDED to the bankruptcy court for disposition consistent with this holding.