**ORDERED PUBLISHED**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
# OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No.   SC-18-1089-FLS |
| GIL ALBERTO DE JESUS GOMEZ, III, | Bk. No.   16-07502-LT7 |
| Debtor. | |
| GIL ALBERTO DE JESUS GOMEZ, III; FRANCISCO JAVIER ALDANA, | |
| Appellants, | |
| v. | **OPINION** |
| RONALD E. STADTMUELLER, Chapter 7 Trustee, | |
| Appellee. | |

Submitted without oral argument on October 25, 2018

Filed – November 9, 2018
Ordered Published - November 20, 2018

Appeal from the United States Bankruptcy Court
for the Southern District of California

Honorable Laura S. Taylor, Bankruptcy Judge, Presiding

Appearances:    Appellant Francisco Javier Aldana on the brief pro se and on behalf of appellant Gil Alberto De Jesus Gomez, III; Ronald E. Stadtmueller, pro se, on the brief.

Before: FARIS, LAFFERTY, and SPRAKER, Bankruptcy Judges.

FARIS, Bankruptcy Judge:

## INTRODUCTION

This appeal illustrates what can happen when a debtor's lawyer asserts an exemption claim without performing adequate legal analysis. Because counsel claimed a baseless exemption and stubbornly refused to admit his error, counsel has incurred sanctions well in excess of the value of the property claimed exempt.

Chapter 7[1] debtor Gil Alberto de Jesus Gomez, III and his attorney, Francisco Javier Aldana (collectively, "Appellants"), appeal from the bankruptcy court's order sanctioning Mr. Aldana for improperly claiming an exemption on behalf of Mr. Gomez in a vehicle after appellee Ronald E. Stadtmueller, Chapter 7 Trustee (the "Trustee") avoided a lien and recovered the vehicle. The Appellants argue that they can exempt property at any time during a bankruptcy case and that they did not act in bad faith.

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

The Appellants misstate the statutory framework and a Supreme Court case. Their inaction and dilatoriness before the bankruptcy court give the lie to their claim of good faith. Their arguments are unsupported and frivolous. We AFFIRM.

The Trustee also filed a separate motion requesting sanctions against the Appellants for filing a frivolous appeal. We GRANT the request for fees and double costs as to Mr. Aldana.

We publish to explain how § 522(g) limits a debtor's right to claim exemptions in property after a trustee uses the avoiding powers to recover an interest in that property and that the Supreme Court's decision in *Law v. Siegel*, 571 U.S. 415 (2014), is inapplicable.

## FACTUAL BACKGROUND[2]

### A.    Mr. Gomez's bankruptcy case

On December 10, 2016, Mr. Gomez, through his counsel, Mr. Aldana, filed a chapter 7 petition. He scheduled a 2001 Ford Focus automobile as his personal vehicle and claimed an exemption for the full value of the car. He failed to disclose his ownership of a 2012 Chevrolet Malibu, which he allegedly purchased approximately two months earlier.

After remaining silent about the Malibu at two § 341(a) meetings of

---

[2] The Appellants' excerpts of record fail to include many important documents. We rely on the Trustee's excerpts and exercise our discretion to review the bankruptcy court's docket, as appropriate. *See Woods & Erickson, LLP v. Leonard (In re AVI, Inc.)*, 389 B.R. 721, 725 n.2 (9th Cir. BAP 2008).

creditors, Mr. Gomez amended his Schedule A/B to include the Malibu, which he valued at $4,500. He listed Anayas Auto Sales as holding a $2,700 claim secured by the Malibu. He did not amend his Schedule C to claim the Malibu as exempt. The bankruptcy court granted Mr. Gomez his discharge.

The Trustee discovered that Anayas Auto failed to perfect its lien on the Malibu until after the petition date.[3] The Trustee requested that Anayas Auto release its lien, but it did not do so. As a result, the Trustee initiated an adversary proceeding against Anayas Auto for avoidance and recovery of a postpetition transfer under § 549. Anayas Auto did not answer the complaint, and the Trustee obtained default judgment and a release of the lien.

The Trustee e-mailed Mr. Aldana to inform him of the default judgment against Anayas Auto and request that Mr. Gomez either surrender the Malibu to the Trustee's auctioneer or offer to purchase the vehicle. Mr. Aldana did not respond.

The Trustee also went to Mr. Gomez's residence to inquire about the Malibu. Mr. Gomez was not home, but a woman at the residence told the Trustee that she would tell Mr. Gomez to contact the Trustee about turning over the Malibu. Mr. Gomez did not contact the Trustee.

---

[3] The Trustee alleged that Mr. Gomez purchased the Malibu on September 30, 2016. Although the Department of Motor Vehicles' ("DMV") records identify Anayas Auto as the lienholder on the Malibu, the DMV did not receive registration fees until almost two months after the petition date.

## B. The motion to compel cooperation and turnover

The Trustee filed a motion to compel turnover of the Malibu ("Motion to Compel"). He stated that he had used his avoidance power under § 549 to obtain a release of Anayas Auto's lien, but despite repeated requests for Mr. Gomez to surrender the Malibu, Mr. Gomez had failed to do so. He requested that the court order immediate turnover of the Malibu.

On January 10, 2018, the bankruptcy court issued its tentative ruling stating its inclination to grant the Motion to Compel.

Later that day, Mr. Aldana contacted the Trustee to inform him that he had "just read" the Motion to Compel (even though the Trustee had filed and served the Motion to Compel six weeks earlier) and was puzzled by the court's ruling, because the Malibu was exempted. The Trustee left Mr. Aldana a voicemail informing him that Mr. Gomez did not exempt the Malibu and that the avoidance of a lien by the estate does not restore the property to the debtor. Mr. Aldana did not respond.

Still later that same day, Mr. Gomez filed an amended Schedule C, wherein he exempted the full value of both the Focus and Malibu under both California Code of Civil Procedure ("CCP") sections 703.140(b)(2) (special bankruptcy exemption) and 704.010 (regular exemption).[4]

---

[4] CCP section 703.140(b)(2) provides for an exemption in motor vehicles in bankruptcy cases: "The debtor's interest, not to exceed four thousand eight hundred dollars ($4,800) in value, in one or more motor vehicles." Cal. Civ. Proc. Code § 703.140(b)(2). In all other cases, section 704.010 allows an exemption of up to $2,300 in

(continued...)

5

However, he did not oppose the Motion to Compel.

The bankruptcy court, noting that no one filed an opposition, granted the Motion to Compel and ordered Mr. Gomez to turn over the Malibu.

## C. The Trustee's objection to claimed exemption

The Trustee filed an objection to Mr. Gomez's claimed exemptions in the Focus and Malibu ("Objection"). He argued that Mr. Gomez had not claimed the Malibu exempt prior to the Trustee's avoidance of Anayas Auto's lien, so Mr. Gomez could not claim the recovered property as exempt under § 522(g)(1). He also asserted that Mr. Gomez is only entitled to seek an exemption under either CCP section 703.140(b)(2) or section 704.010, but not both. Finally, he argued that Mr. Gomez amended Schedule C in bad faith because "[d]espite all of these pleadings, requests and explanation, filed over the course of many months, Attorney Aldana now files a tardy, improper and clearly objectionable amendment to further delay the administration of this estate." The Trustee requested that the bankruptcy court award him his fees and costs.

Mr. Gomez did not file an opposition to the Objection.

Both Mr. Aldana and the Trustee appeared at the telephonic hearing on the Trustee's Objection. The court sustained the Objection as to the

---

[4](...continued)
"[t]he aggregate equity in motor vehicles." Cal. Civ. Proc. Code § 704.010(1). A debtor may choose only one of the exemption schemes. *Farrar v. McKown (In re McKown)*, 203 F.3d 1188, 1189 (9th Cir. 2000); Cal. Civ. Proc. Code § 703.140(a).

Focus and Malibu and denied both exemptions. It continued the hearing on the issue of sanctions and stated that it "will consider granting compensatory sanction[s], for Trustee's expenses incurred in connection to the opposition to exemption, and coercive sanction[s] under [its] inherent authority . . . ." It allowed Mr. Aldana to file a response arguing against sanctions by February 22 and allowed the Trustee to respond by March 1.

Mr. Aldana did not file a timely response to the sanctions query. The Trustee filed his brief on February 27 and requested sanctions because: (1) Mr. Aldana should have known that the lien avoidance action was for the benefit of the bankruptcy estate; (2) the Appellants refused to turn over the Malibu for liquidation; (3) prior to filing the Objection, the Trustee provided Mr. Aldana with legal authority supporting return of the Malibu to the estate and explaining why Mr. Gomez could not claim an exemption; (4) Mr. Aldana nevertheless amended Schedule C to claim the Malibu exempt; (5) Mr. Aldana improperly claimed the Malibu exempt under both CCP sections 703.140 and 704.010; (6) the Appellants did not oppose the Objection; and (7) Mr. Aldana did not bother to defend himself and respond to the court's inquiry regarding sanctions. Additionally, the Trustee sought coercive sanctions because "Mr. Aldana has repeatedly ignored and disregarded legal authority provided to him . . . [and] did not even acknowledge any need to respond to this Court's request for explanation as to why sanctions should not be assigned."

7

Later that same day, Mr. Aldana filed a tardy declaration in response to the Trustee's filing. He stated that he did not act in bad faith because he relied on the advice of a former chapter 7 trustee, Vincent Gorski, and *Law v. Siegel*, 571 U.S. 415 (2014), which he claimed stands for the proposition that "any property can be exempted up until the date of closing." He stated that he merely disagreed with the Trustee's interpretation of the law, which is not indicative of bad faith.

Mr. Aldana offered the declaration of Mr. Gorski, whom he had allegedly consulted regarding the exemption. Mr. Gorski stated that he advised Mr. Aldana that "the Debtor could modify his exemptions on property as claimed on Schedule C until the close of the bankruptcy case, including an exemption on the vehicle currently at issue." In particular, he testified that *Law* does not curtail a debtor's ability to claim an exemption if he did not participate in activities explicitly listed in § 522.

Prior to the continued hearing on the issue of sanctions, the bankruptcy court issued a tentative ruling stating that it was inclined to grant the request for sanctions based on its inherent powers. At the hearing, the court explained to Mr. Aldana (who admitted that he had not read the court's tentative ruling) that Mr. Gomez did not engage in sanctionable conduct, but that it would sanction Mr. Aldana under its inherent sanction authority. It noted that "I have to find that you have done so in bad faith, which can be found where I have reckless conduct coupled

8

with improper purpose." It stated that Mr. Aldana did not dispute that he received the Trustee's various filings but failed to oppose them, and, "[i]nstead, after the Trustee has gone to the time and effort of setting aside the lien and doing the different things he's done, he's trying to get possession of this car, he's making demands, you filed exemptions that are problematic for two reasons." The court pointed out that Mr. Aldana had cited two inconsistent statutory bases for the exemption, but, more importantly, that he ignored "hornbook bankruptcy law" when claiming the exemption after the Trustee avoided the lien.

Ultimately, the court adhered to its tentative ruling and sanctioned Mr. Aldana $1,475, the amount of the Trustee's fees and costs for opposing the Objection. It stated:

> I'm finding on your count recklessness, which means you didn't properly look at the law the way an attorney in your position should have. You didn't take warnings about the law the way an attorney in your position should have.
>
> And it rises above the level of recklessness, because your positions are frivolous and because you also did so in a manner that, in a small-dollar estate, has huge impact. This is the sort of behavior that the court can't countenance.

The bankruptcy court entered the order ("Sanctions Order") adopting its tentative ruling in its entirety and sanctioning Mr. Aldana:

> Mr. Aldana does not dispute that he received the Trustee's documents. He failed to oppose anything. Instead, he did an

9

end run around his default and sought exemption as to the Malibu on the basis of two seriously flawed arguments. He attempts to avoid censure by relying on another attorney's opinion – an opinion that is worthless given that Mr. Aldana apparently failed to disclose the most relevant facts. Mr. Aldana frequently appears in this Court, a claim that he is a bankruptcy neophyte is not a defense. And in the face of this serious situation, he again failed to file a timely response. Here his conduct appears, at best, reckless, and this recklessness appears coupled with frivolous arguments and actions and disregard of this Court's scheduling requirements. Bad faith appears to exist.

The court further ordered Mr. Aldana to report the sanction to the California bar.[5]

---

[5] We take judicial notice that, even after the Sanctions Order, the Appellants continued to exempt the entire value of the Malibu. On March 13, 2018, the Trustee requested that Mr. Gomez surrender the vehicles for liquidation. Mr. Gomez instead filed a second amended Schedule C wherein he claimed an exemption in the Focus under CCP section 703.140(b)(2) (motor vehicle) and again exempted the entire value of the Malibu under section 703.140(b)(5) (wild card). The Trustee filed an objection to the amended exemption. Mr. Gomez amended Schedule C yet again and omitted the Malibu.

The bankruptcy court stated that Mr. Aldana's argument that he did not need to turn over the Malibu was "nonsensical." It sustained the Trustee's objection and awarded the Trustee $1,592.20 in fees and costs. The bankruptcy court also granted a Rule 9011 motion brought by the Trustee and ordered Mr. Aldana to pay the Trustee $3,408.33.

The Trustee filed a motion for contempt against Mr. Gomez for failure to turn over the Malibu. The bankruptcy court granted the motion and ordered Mr. Gomez to pay the Trustee $2,000.

(continued...)

The Appellants filed a timely notice of appeal from the Sanctions Order. Mr. Aldana represents that he has paid the sanction.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (B). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

(1) Whether the bankruptcy court abused its discretion in sanctioning Mr. Aldana for asserting a meritless claim of exemption in the Malibu.

(2) Whether the Trustee is entitled to his fees and costs for the Appellants' frivolous appeal.

## STANDARD OF REVIEW

We review a sanctions order for abuse of discretion. *See Miller v. Cardinale (In re DeVille)*, 361 F.3d 539, 547 (9th Cir. 2004) (citation omitted). Similarly, the bankruptcy court's choice of sanction is reviewed for abuse of discretion. *See In re Nguyen*, 447 B.R. 268, 276 (9th Cir. BAP 2011) (citations omitted). Accordingly, we reverse only where the bankruptcy court applied an incorrect legal rule or where its application of the law to the facts was illogical, implausible, or without support in inferences that

---

[5](...continued)
He also commenced an adversary proceeding for revocation of discharge for failure to turn over of the Malibu. This case is still pending.

The Trustee finally sold the Malibu at auction in late August 2018 for $2,500.

11

may be drawn from the record. *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).

## DISCUSSION

### A. The bankruptcy court did not abuse its discretion in sanctioning Mr. Aldana for bad faith.

The basic issue on appeal is whether the bankruptcy court erred in sanctioning Mr. Aldana for recklessly and frivolously pursuing the exemption in the Malibu, in addition to repeatedly failing to respond to the court's inquiries and the Trustee's filings. The bankruptcy court exercised its inherent power to sanction Mr. Aldana for "recklessness . . . coupled with frivolous arguments and actions and disregard of this Court's scheduling requirements."

A bankruptcy court "has the inherent authority to impose sanctions for bad faith, which includes a broad range of willful improper conduct." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001); *see Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1196 (9th Cir. 2003); *Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.)*, 77 F.3d 278, 284 (9th Cir. 1996). Before the bankruptcy court imposes sanctions under its inherent authority, it must find either bad faith, conduct tantamount to bad faith, or recklessness with an "additional factor such as frivolousness, harassment, or an improper purpose." *Fink*, 239 F.3d at 994. The bankruptcy court "must make an explicit finding . . . ." *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644,

648 (9th Cir. 1997).

On appeal, the Appellants offer two pages of argument that merely repeat the same arguments presented to the bankruptcy court. They do not explain their superficial contentions or support them with any legal authority, other than their steadfast reliance on *Law v. Siegel*. This appeal is both frivolous and meritless. The bankruptcy court did not err.

1.  **The Appellants' arguments that ignore § 522(g)(1) are frivolous and reckless, not a mere "difference of opinion."**

The Appellants insist that the law allows Mr. Gomez to exempt the Malibu at any time prior to the closing of the bankruptcy case. They say that the dispute in this case is really only a difference in interpretation of the law, which does not give rise to bad faith.

The Appellants are wrong, and the law on this point is not ambiguous or open to interpretation. As the Trustee explained repeatedly, if he recovers certain property prior to the debtor claiming an exemption, that property cannot be exempted. Section 522(g) provides:

> (g) Notwithstanding sections 550 and 551 of this title, **the debtor may exempt under subsection (b) of this section property that the trustee recovers under section** 510(c)(2), 542, 543, **550**, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, **if –**
>
> > (1)(A) **such transfer was not a voluntary transfer of such property by the debtor**; and

> (B) the debtor did not conceal such property; or

> (2) the debtor could have avoided such transfer under subsection (f)(1)(B) of this section.

§ 522(g) (emphases added). In other words, § 522(g)(1) "allows the debtor to exempt property that the trustee recovers under [various sections of the Bankruptcy Code] as long as the transfer was **involuntary** and the property was **not concealed** by the debtor." 4 Collier on Bankruptcy ¶ 522.12[1] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed.)(emphases in original). Conversely, a debtor may not exempt property that the trustee recovers under one of the enumerated provisions if the debtor voluntarily transferred or concealed the property. *See Guthrie v. Stadtmueller (In re Guthrie)*, BAP No. SC-15-1390-FYJu, 2017 WL 431398, at *4 (9th Cir. BAP Jan. 31, 2017).

Our case law clearly states that a debtor cannot exempt property that the trustee recovers using his avoidance power. In *Hitt v. Glass (In re Glass)*, 164 B.R. 759 (9th Cir. BAP 1994), *aff'd*, 60 F.3d 565 (9th Cir. 1995), we explained the contours of § 522(g):

> Section 522(g), however, limits the ability of a debtor to claim an exemption where the trustee has recovered property for the benefit of the estate. Under § 522(g)(1), a debtor may claim an exemption where the trustee has recovered property pursuant to §§ 510(c)(2), 542, 543, 550, 551 or 553 only if the property was involuntarily transferred and the debtor did not conceal the transfer or an interest in the property. . . . **Thus,**

**under § 522(g)(1), a debtor may not exempt recovered property if the debtor voluntarily transferred such property** or concealed the transfer or an interest in such property.

164 B.R. at 761-62 (emphasis added) (citations omitted). After examining the language of the statute, we reiterated:

> Accordingly, we hold that **where a debtor voluntarily transfers property in a manner that triggers the trustee's avoidance powers** or the debtor knowingly conceals a prepetition transfer or an interest in property, and **such property is returned to the estate as a result of the trustee's actions** directed toward either the debtor or the transferee, **the debtor is not entitled to claim an exemption under § 522(g)(1)**.

*Id.* at 764-65 (emphases added).

It matters not that the transfer in this case was the perfection of a lien rather than a transfer of ownership. In *Wharton v. Schwartzer (In re Wharton)*, 563 B.R. 289 (9th Cir. BAP 2017), we considered a similar situation where the trustee avoided a creditor's security interest in a vehicle and objected to a later attempt to exempt the vehicle. In that case, the debtors scheduled their 1965 Corvette, in which the debtor-husband's brother held a nonpurchase money security interest to secure a debt in excess of the vehicle's value. The trustee then sought turnover of the vehicle because the security interest was not perfected under Nevada law. The debtors amended their schedules to claim an exemption in the Corvette, but the trustee objected. The court agreed with the trustee and

15

sustained the trustee's objection under § 522(g)(1)(A). It determined that there was a transfer of a security interest and that the trustee had recovered the vehicle under §§ 544 and 550 for the benefit of the estate when the brother released the lien.

On appeal, we first considered whether there was a "voluntary transfer" under § 522(g)(1). We applied Nevada law and concluded that the debtors had transferred a security interest in the Corvette.

Second, we considered whether the trustee had avoided the security interest and recovered it for the estate. We noted that the brother did not perfect his interest in the Corvette under state law. The trustee's motion and threat of avoidance powers constituted "some action" that caused the brother to release the lien.

In the present case, the bankruptcy court did not err in holding that the Trustee satisfied the two prongs of § 522(g)(1)(A).

First, there was a "transfer" of estate property. The perfection of a security interest is a "transfer" within the meaning of § 101(54)(D). *See Daigle v. Kennedy (In re Daigle)*, No. 08CV0256-LAB (AJB), 2008 WL 11337933, at *5 (S.D. Cal. July 14, 2008) (citing § 101(54)(D) and stating that "[i]t is well established that, under bankruptcy law, perfection of an interest in property is considered a transfer separate and apart from the transfer of title" (citation omitted)); *Hawkins v. Lister (In re Lister)*, No. 08-13738-B-7, 2011 WL 10642780, at *5 (Bankr. E.D. Cal. Mar. 30, 2011) (stating

16

that, under § 101(54)(D), "[a] transfer of property is made at the time the transfer is perfected against a bona fide purchaser under applicable state law").

Second, it is also undisputed that the Trustee recovered estate property. Anayas Auto failed to perfect its lien prepetition.[6] The Trustee avoided the lien perfection as a postpetition transfer under § 549(a) and recovered the interest in the Malibu under § 550.

Therefore, because the Trustee avoided the voluntary transfer under § 550, Mr. Gomez could not claim an exemption in the Malibu under § 522(g)(1)(A).[7]

---

[6] Section 6300 of the California Vehicle Code provides:

> no security interest in any vehicle registered under this code, irrespective of whether the registration was effected prior or subsequent to the creation of the security interest, is perfected until the secured party or his or her successor or assignee has deposited, . . . with the department, . . . a properly endorsed certificate of ownership to the vehicle subject to the security interest showing the secured party as legal owner . . . .

Cal. Veh. Code § 6300. Similarly, section 6301 states: "When the secured party. . . has deposited . . . with the department a properly endorsed certificate of ownership showing the secured party as legal owner . . . the deposit constitutes perfection of the security interest . . . ." Cal. Veh. Code § 6301.

Although Mr. Gomez purchased the Malibu prepetition, the Trustee alleged that Anayas Auto only attempted to perfect its lien two months after Mr. Gomez filed his petition. As such, the perfection of the lien constituted a postpetition transfer.

[7] Mr. Gomez valued the Malibu at $4,500. He sought to exempt 100 percent of that value, which necessarily included the $2,700 encumbered by Anayas Auto's lien. The lien, however, was only $2,700, leaving $1,800 in equity (assuming that

(continued...)

17

In contrast to our specific holdings discussing § 522(g)(1), the Appellants steadfastly rely on *Law v. Siegel* for the proposition that Mr. Gomez could amend his exemptions at any time prior to discharge. *Law* stands for the more general proposition that a bankruptcy court cannot deny an exemption that is otherwise allowed by statute. *See Law*, 571 U.S. at 424. The bankruptcy court never suggested that the exemption should be denied because it was untimely or for any extra-statutory reason. Instead, it relied on the relevant statute that specifically prohibited Mr. Gomez from claiming an exemption in the Malibu. *Law* is inapplicable.

2. **The bankruptcy court did not err in considering the totality of factors concerning the surrender of the Malibu.**

The Appellants argue that the bankruptcy court erroneously considered the facts in finding bad faith. They argue that the Trustee saw the Malibu at Mr. Gomez's house and chose not to retrieve the vehicle.

The bankruptcy court did not err. There is no evidence in the record that the Trustee saw the Malibu at Mr. Gomez's house. Rather, the Trustee's declaration did not mention the Malibu and only states that Mr. Gomez was not home.

---

[7](...continued)
Mr. Gomez's scheduled value was correct). Mr. Gomez never sought to limit his exemption to the equity in the Malibu and never mentioned this point on appeal. Therefore, we need not discuss whether the Trustee's avoidance of the $2,700 lien precluded Mr. Gomez from exempting the value (if any) of the Malibu in excess of the avoided lien under § 522(g)(1).

The Appellants also assert that the Trustee never told Mr. Gomez where to surrender the Malibu. But the Trustee told the Appellants to surrender the Malibu to the Trustee's auctioneer. They cannot claim that they did not know how to surrender the vehicle.

3. **The bankruptcy court did not err in considering Mr. Gorski's declaration.**

The Appellants argue that the bankruptcy court abused its discretion by improperly discounting Mr. Gorski's declaration because he did not state that he was aware that the Trustee had avoided the lien.

The bankruptcy court did not err. It considered Mr. Gorski's declaration, but simply found that his opinion was inapplicable because he did not address the fact that the Trustee had recovered the Malibu using his avoidance powers. Moreover, a third party's interpretation of the law is not binding on a court. The bankruptcy court's findings were not illogical, implausible, or without support in the record.

4. **The bankruptcy court applied the correct standard.**

The Appellants argue that the bankruptcy court "called the actions reckless, but that is not sufficient to sanction one's belief in the law."

The Appellants are correct that the award of sanctions requires more than recklessness alone. The Ninth Circuit has stated that "[s]anctions are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness,

19

harassment, or an improper purpose." *Fink*, 239 F.3d at 994.

The Appellants ignore the bankruptcy court's ruling. The court held multiple times that Mr. Aldana was reckless, but it also held that his positions were frivolous. It stated at the hearing, "And it rises **above the level of recklessness**, because your positions are frivolous and because you also did so in a manner that, in a small-dollar estate, has huge impact." (Emphasis added.) The Sanctions Order confirms: "Here his conduct appears, at best, reckless, and **this recklessness appears coupled with frivolous arguments** and actions and disregard of this Court's scheduling requirements." (Emphasis added.) The bankruptcy court did not err.

B. **The Trustee is entitled to recover his fees and double costs from Mr. Aldana for this frivolous appeal.**

The Trustee requested by separate motion that we sanction the Appellants for filing a frivolous appeal, not following the appellate rules, and offering a "fluctuating and erratic presentation of the issues on appeal." In keeping with their usual pattern, the Appellants filed an untimely opposition. We GRANT the request for fees and double costs against Mr. Aldana only.

Rule 8020, which conforms to the language of Federal Rule of Appellate Procedure ("FRAP") 38, provides that: "If the district court or BAP determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond,

20

award just damages and single or double costs to the appellee." Rule 8020(a). Under FRAP 38, "a frivolous appeal is one where the result is obvious or the appellant's arguments are wholly without merit." *First Fed. Bank of Cal. v. Weinstein (In re Weinstein)*, 227 B.R. 284, 297 (9th Cir. BAP 1998) (citations omitted). We may impose sanctions to penalize an appellant or attorney who pursues a frivolous appeal and to compensate the appellee for the delay and expense of defending the appeal. 10 Collier on Bankruptcy ¶ 8020.03; *see Burlington N.R. Co. v. Woods*, 480 U.S. 1, 7 (1987).

Even a cursory review of § 522(g)(1) and the relevant case law would have told the Appellants that they could not claim an exemption in the Malibu after the Trustee had recovered it from Anayas Auto.[8] The Trustee explained this to Mr. Aldana, and the bankruptcy court clearly stated the rationale behind its ruling. Furthermore, the Appellants did not bother to respond to the Motion to Compel or the court's threat of sanctions, yet they took the same incorrect position on appeal and submitted an opening brief with only two pages of argument that was largely devoid of legal authority or analysis. They did not address § 522(g)(1) or the relevant case law. Nor did they bother to oppose the motion for sanctions on appeal within the

---

[8] The Appellants appear to fault the Trustee for not telling Mr. Gomez to exempt the Malibu or explaining the relevant law to Mr. Aldana. But there is no basis for the proposition that a trustee must provide legal advice to debtors or their counsel.

21

seven days provided by Rule 8013(a)(3)(A).

They argue that Mr. Aldana's "subjective good faith belief in his course of conduct should insulate him from punishment." But Rule 8020(a) is not susceptible to a "pure heart, empty head" defense. *See United States v. Nelson (In re Becraft)*, 885 F.2d 547, 549 (9th Cir. 1989) (stating that "a finding of bad faith is not necessary to impose sanctions under [FRAP] 38 . . . ."); *Hermosilla v. Hermosilla*, 447 B.R. 661, 668 (D. Mass. 2011) (stating that "the court may impose sanctions if the appellant raises issues that are contradicted by long-established precedent"); *Maloni v. Fairway Wholesale Corp. (In re Maloni)*, 282 B.R. 727, 734 (1st Cir. BAP 2002) (stating that, on appeal, that panel "will consider whether appellant's argument: addresses the issues on appeal properly; fails to support the issues on appeal; fails to cite any authority; cites inapplicable authority; makes unsubstantiated factual assertions; makes bare legal conclusions; or, misrepresents the record").

Mr. Aldana laments that he has already paid over $9,500 in sanctions, which is far more than the value of the Malibu. Even if this is true, it is irrelevant. The sanctions represent attorneys' fees that the Trustee had to incur in order to overcome Mr. Aldana's baseless contentions. Mr. Aldana is solely responsible for his predicament.

As we discuss above, the Appellants' appeal from the Sanctions Order is frivolous and lacks any merit. We conclude that the Trustee is

entitled to the imposition of sanctions against Mr. Aldana, who is responsible for advocating the frivolous legal arguments and positions on appeal. We exercise our discretion and award the Trustee his fees and double costs.

The Trustee is ORDERED to file a declaration attesting to his fees and costs incurred in this appeal, supported by appropriate documentation, on or before **Tuesday, December 4, 2018**. Mr. Aldana may respond no later than **Tuesday, December 11, 2018**. Upon our review of these filings, the amount of the award shall be established by a separate order. *Taylor v. Sentry Life Ins. Co.*, 729 F.2d 652, 657 (9th Cir. 1984).

## CONCLUSION

The bankruptcy court did not err. We AFFIRM and GRANT the Trustee's motion for sanctions against Mr. Aldana.