
**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

In re:                                               BAP No. CC-22-1232-FSC[*]
DANIELA M. FARINA,

                Debtor.               Bk. No. 22-10021-RLE

DANIELA M. FARINA,

                Appellant,

v.                                                   **MEMORANDUM**[**]

JANINA M. HOSKINS, Chapter 7
Trustee,

                Appellee.

Appeal from the United States Bankruptcy Court
for the Northern District of California
Roger L. Efremsky, Bankruptcy Judge, Presiding

Before: FARIS, SPRAKER, and CORBIT, Bankruptcy Judges.

---

[*] We concurrently heard argument in this appeal on July 28, 2023 with two other appeals: (1) *Farina v. Hoskins (In re Farina)*, BAP No. NC-22-1233-SCF, and (2) *Farina v. Hoskins (In re Farina)*, BAP No. NC-22-1235-CFS. These companion appeals are or will be the subject of their own separate written decisions. In addition, this Panel recently heard and decided another appeal prosecuted by the appellant, which also is the subject of its own written decision. *See Farina v. Hoskins (In re Farina)*, BAP No. NC-22-1071-TBF, 2022 WL 17484959 (9th Cir. BAP Dec. 7, 2022).

[**] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

# INTRODUCTION

Chapter 7[1] debtor Daniela M. Farina appeals the bankruptcy court's order grating summary judgment in favor of chapter 7 trustee Janina M. Hoskins ("Trustee") on the Trustee's objection to Ms. Farina's homestead exemption. She argues that the Trustee was not entitled to summary judgment because the Trustee did not need to recover any estate property under § 522(g)(1) and that she should have been allowed to conduct discovery before the court granted summary judgment.

We discern no error and AFFIRM.

# FACTS[2]

## A.   Prepetition events

Ms. Farina owned real property in Napa, California ("Property") that she purchased as tenants in common with Victor Alam in 2020. Ms. Farina and Mr. Alam each owned a fifty-percent interest in the Property.

Mr. Alam vacated the Property shortly after they moved in. In November 2020, he instituted a partition action against Ms. Farina in the state superior court. In July 2021, the superior court appointed a receiver

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] We exercise our discretion to take judicial notice of documents electronically filed in the underlying bankruptcy case and the associated adversary proceeding. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

and prohibited Ms. Farina from encumbering, mortgaging, creating a security interest in, or otherwise disposing of the Property.

Nevertheless, Ms. Farina allegedly recorded or caused to be recorded three liens against her interest in the Property: (1) a deed of trust in favor of Mr. and Mrs. Nicolosi (Ms. Farina's parents) for $395,000, recorded on August 11, 2021; (2) a deed of trust in favor of Alpha Lyons Endeavors, LLC ("Alpha Lyons") for $685,000, recorded on October 25, 2021; and (3) a mechanic's lien in favor of Alpha Lyons for $685,000, recorded on October 26, 2021. Because the two Alpha Lyons liens secured a single debt, the lien claims totaled $1,080,000.

## B. Ms. Farina's bankruptcy case

Ms. Farina, proceeding pro se, filed a chapter 7 bankruptcy petition in January 2022. She identified the Property as her residence but indicated a different mailing address in South San Francisco.

On her Schedule A/B, Ms. Farina scheduled the Property and indicated that she held it as tenants in common. She claimed two exemptions on her Schedule C. First, she listed the Property with a value of $1.3 million. She cited § 522(b)(2) as the applicable statutory authority and appeared to claim a $900,000 exemption, but she also checked the box for "100% of fair market value, up to any applicable statutory limit." Second, she claimed a $15,000 exemption in household furniture.

In March 2022, the Trustee obtained from the bankruptcy court an order for judgment of possession and writ of assistance. The order stated

3

that the Property was property of the bankruptcy estate and directed Ms. Farina to vacate the Property.

Shortly thereafter, the bankruptcy court approved a compromise between the Trustee and Mr. Alam. Mr. Alam agreed to waive his co-ownership interest in the Property up to the amount of administrative expenses and to contribute all net proceeds from the sale of the Property to pay for allowed administrate expenses. This allowed the Trustee to market and sell the Property.

The Trustee then objected to Ms. Farina's two claimed exemptions: the homestead exemption and the household furniture exemption.

As to the homestead exemption, the Trustee alleged that Ms. Farina did not live at the Property. The Trustee stated that the receiver in the state court action inspected the Property in late 2021 and concluded that no one resided on the Property. The Trustee inspected the Property postpetition and reached the same conclusion. Additionally, the Trustee pointed out that Ms. Farina appeared to claim the federal exemption, while California has opted out of the federal exemptions.

In response, Ms. Farina, now represented by counsel, moved to dismiss her case, claiming that she did not intend to initiate a chapter 7 case and risk losing the Property. She also amended her claimed exemptions; of relevance here, she claimed a $600,000 homestead exemption pursuant to California Code of Civil Procedure ("CCP") § 704.730.

4

**C.    The Trustee's objection to the amended homestead exemption**

The Trustee objected to all of the amended exemptions. She again contended that the Property was not Ms. Farina's "homestead" or "principal dwelling."

While the objection was pending, the Trustee filed a motion to sell the Property. Ms. Farina, the Nicolosis, and Alpha Lyons opposed the motion. After two hearings, the bankruptcy court entered an order authorizing the Trustee to sell the Property for $1,350,620. The Trustee reported that the sale closed in August 2022.

In response to the Trustee's objection to her exemptions, Ms. Farina argued that she always intended to treat the Property as her residence and that any absence from the Property was temporary and involuntary.

In reply, the Trustee argued that Ms. Farina had not established her intent to reside at the Property. Furthermore, the Trustee argued that the dispute was moot, because there were no funds available to pay Ms. Farina a homestead exemption. The net sale proceeds totaled $240,662.67. The bankruptcy estate was entitled to half of this, or $120,331.33. The Nicolosi deed of trust and the Alpha Lyons deed of trust and mechanics lien totaled $1,080,000, thus consuming the remaining equity if the Trustee could not avoid them; if the Trustee successfully avoided the liens, then the proceeds would be preserved for the benefit of the estate pursuant to § 551, and § 522(g) would preclude Ms. Farina from claiming a homestead exemption. The Trustee concluded that, in any scenario, "there will be no funds with

which to pay the Debtor's claimed homestead exemption, and the issue of the Debtor's claimed homestead exemption is moot."

## D.  The avoidance action

Meanwhile, the Trustee filed an adversary proceeding against the Nicolosis and Alpha Lyons to avoid and recover the liens and deed of trust as preferential transfers, actual fraudulent transfers, and constructive fraudulent transfers pursuant to §§ 547, 548, and 550, and to preserve the avoided transfers for the benefit of the estate pursuant to § 551.

The defendants did not answer the complaint, and the court entered default judgment against all of them.

## E.  The Trustee's motion for summary judgment

While the adversary proceeding was pending, the bankruptcy court sustained the objections to all of the claimed exemptions except the homestead exemption. It scheduled an evidentiary hearing to resolve the factual question of whether Ms. Farina resided or intended to reside at the Property.[3]

Prior to the evidentiary hearing, the Trustee filed a motion for summary judgment ("Motion") on her homestead exemption objection. She argued that, even if Ms. Farina intended to reside at the Property, she was not entitled to payment on her claimed homestead exemption. The Trustee contended that the liens were voluntary liens and that she was required to

---

[3] Around this time, the bankruptcy court denied Ms. Farina's discharge under § 727(a)(6)(A).

take action to avoid them. She asserted that they were avoidable as preferential transfers pursuant to § 547(b): the Nicolosi deed of trust was recorded within the one-year preference period for insiders; and the Alpha Lyons liens were recorded within the ninety-day preference period. If the Trustee successfully avoided the liens, then Ms. Farina could not claim a homestead exemption in the recovered transfers, and § 522(g) would bar her from exempting those proceeds. If the Trustee could not avoid the liens, then they would consume any remaining sale proceeds, leaving no proceeds for a homestead exemption.

Ms. Farina opposed the Motion and argued that the Trustee failed to offer declarations, affidavits, or other evidence. Additionally, she requested time to conduct discovery under Civil Rule 56(d).

She also argued that the Alpha Lyons and Nicolosi liens were void, so the Trustee never had to exercise her avoidance powers: the Alpha Lyons lien was created during the automatic stay in her previous bankruptcy case, so it was void by operation of law, and the Nicolosi deed of trust was void because it did not have an accompanying note.

In reply, the Trustee responded that the record supported the Motion even without any accompanying declaration, that Ms. Farina failed to offer any facts showing a genuine dispute, and that the disputed facts that she identified were not material.

At the hearing on the Motion, the bankruptcy court held that the Trustee's motion had adequate evidentiary support. The court rejected

Ms. Farina's argument that the lack of a final judgment in the adversary proceeding precluded summary judgment. Finally, the court agreed with the Trustee that, whether the Trustee avoided the liens or not, there would be no proceeds to pay on account of the claimed exemption.

The bankruptcy court granted the Motion and sustained the Trustee's objection to the homestead exemption. Ms. Farina timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(B). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether the bankruptcy court erred in granting the Trustee summary judgment on her objection to Ms. Farina's homestead objection.

## STANDARDS OF REVIEW

We review de novo the bankruptcy court's grant of summary judgment on a trustee's objection to a claimed exemption. *See Zamora v. Perez (In re Perez)*, 628 B.R. 327, 331 (9th Cir. BAP 2021) ("Whether the debtor has the right to claim an exemption is a question of law that we review de novo."); *Arkison v. Gitts (In re Gitts)*, 116 B.R. 174, 176 (9th Cir. BAP 1990) ("The grant of summary judgment is reviewed independently."), *aff'd*, 927 F.2d 1109 (9th Cir. 1991). "De novo review requires that we consider a matter anew, as if no decision had been made previously." *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014).

8

We review the bankruptcy court's denial of further discovery before granting summary judgment for an abuse of discretion. *Marciano v. Fahs (In re Marciano)*, 459 B.R. 27, 35 (9th Cir. BAP 2011), *aff'd*, 708 F.3d 1123 (9th Cir. 2013). The bankruptcy court abused its discretion if it applied an incorrect legal rule or its factual findings were illogical, implausible, or without support in the record. *TrafficSchool.com v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011). However, if the bankruptcy court did not explicitly address the request for additional discovery, we review the denial de novo. *See Stevens v. Corelogic, Inc.*, 899 F.3d 666, 677 (9th Cir. 2018) ("[I]f a [trial] court implicitly denies a [Civil] Rule 56(d) motion by granting summary judgment without expressly addressing the motion, that omission constitutes a failure 'to exercise its discretion with respect to the discovery motion,' and the denial is reviewed de novo." (citation omitted)).

## DISCUSSION

### A.   The bankruptcy court did not err in granting the Trustee summary judgment.

Under Civil Rule 56(a), made applicable by Rule 7056, summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The movant bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant is successful, the nonmoving party must show that there is a dispute "over facts that might affect the outcome of the suit under

9

the governing law . . . ." *Balboa v. Haw. Care & Cleaning, Inc.*, 105 F. Supp. 3d 1165, 1169 (D. Haw. 2015) (citation omitted).

We must view the evidence in the light most favorable to Ms. Farina, the nonmoving party, and draw all justifiable inferences in her favor. *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014).

1. **The bankruptcy court did not err in sustaining the Trustee's objection to the homestead exemption.**

Ms. Farina argues that the Trustee failed to establish the basis for her objection because the liens were void as a matter of law, so there was no transfer of property for the Trustee to recover. Her argument is meritless.

The Bankruptcy Code allows debtors to exempt certain amounts and types of real and personal property. *See* § 522. California has opted out of the federal exemption scheme, so such exemptions are controlled by state law. CCP § 703.130; *In re Tallerico*, 532 B.R. 774, 779 (Bankr. E.D. Cal. 2015).

Section 522(g) limits a debtor's ability to claim an exemption if the Trustee has recovered property for the benefit of the estate. That section provides that, if a trustee recovers property of the estate, the debtor may only claim a homestead exemption in the recovered property under certain conditions:

> the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this

section if such property had not been transferred, if—

> (1)(A) such transfer was not a voluntary transfer of such property by the debtor; and
>
> (B) the debtor did not conceal such property . . . .

§ 522(g). Thus, a debtor may "exempt property that the trustee recovers under various sections of the Bankruptcy Code as long as the transfer was involuntary and the property was not concealed by the debtor" but "may not exempt property that the trustee recovers under one of the enumerated provisions if the debtor voluntarily transferred or concealed the property." *de Jesus Gomez v. Stadtmueller (In re de Jesus Gomez)*, 592 B.R. 698, 705 (9th Cir. BAP 2018) (cleaned up); *see also Hitt v. Glass (In re Glass)*, 164 B.R. 759, 764 (9th Cir. BAP 1994) ("Since the Code is based upon providing honest debtors with a fresh start, a debtor who has voluntarily transferred property in an avoidable transaction or who has been dishonest in concealing assets or prepetition transfers should not be allowed to use § 522(g) as a shield."), *aff'd*, 60 F.3d 565 (9th Cir. 1995).

In the present appeal, the Trustee sought to recover property of the estate under §§ 550 and 551. She alleged that the liens were voluntary transfers caused by Ms. Farina. Ms. Farina does not contest this point.[4]

When the bankruptcy court sustained the objection to Ms. Farina's

---

[4] For the first time, Ms. Farina argues in her reply brief that the liens were not "voluntary transfers of property" because liens are merely "holds" on property, not transfers. This contention is frivolous. Under the Bankruptcy Code, the term "transfer" includes "the creation of a lien." § 101(54).

11

claimed exemption, the Trustee had not yet avoided the liens. But this is of no moment for two reasons. First, the Trustee did eventually obtain a final judgment avoiding the liens. Second, § 522(g) does not necessarily require a trustee to prevail in an adversary proceeding. *In re Perez*, 628 B.R. at 332 (holding that "the trustee's efforts need not include obtaining a final judgment; nor must the trustee even file an adversary proceeding"). It is enough that the debtor "is put on notice by an affirmative act or statement of the trustee that the transfer is avoidable and/or recoverable under the Bankruptcy Code and that the trustee intends to take action to recover the property interest." *Id.* at 335.

The Trustee's actions easily satisfied this requirement. When the Trustee filed the Motion, she had already instituted an avoidance action against the Nicolosis and Alpha Lyons. She had obtained default against the defendants; after the Motion was decided, the bankruptcy court entered judgment against the defendants. Therefore, the bankruptcy court did not err in concluding that the Trustee's actions were sufficient and holding that § 522(g) precluded Ms. Farina from asserting a homestead exemption in the Property.

Furthermore, the bankruptcy court did not err in determining that, even if the Trustee could not avoid the liens, Ms. Farina was not entitled to the homestead exemption, because the liens would consume the value of the sale proceeds. Ms. Farina does not dispute this calculation.

Rather, she argues that the Trustee did not need to take any action to

12

avoid the liens – and the liens did not wipe out the sale proceeds – because the liens were void as a matter of law. Even if she were correct that the liens were "void" rather than voidable, her conclusion would not follow.

The liens were recorded against the Property and clouded its title. Even void liens do not disappear by themselves; someone must take action to obtain a determination of their voidness and to expunge them from the record. This is what the Trustee did. Her actions satisfied § 522(g)(1), so Ms. Farina is not entitled to claim her homestead exemption.[5]

### 2. The Trustee did not need to support her Motion with declarations or affidavits.

Ms. Farina argues that the Trustee failed to support her Motion with declarations, affidavits, or a request for judicial notice and cannot establish the lack of a genuine dispute of material fact. She is wrong.

There is no requirement that the movant provide affidavits or declarations, if summary judgment can be supported by the law and the record. Civil Rule 56(c)(1)(A) provides that a movant may establish lack of a factual dispute by "citing to particular parts of materials in the record . . . ." The Trustee supported the Motion by directing the court to the documents that had been filed in the bankruptcy case and the adversary proceeding. There was no need to bring in additional evidence through

---

[5] Ms. Farina also argues that the Trustee failed to satisfy the four-part test to avoid the liens. However, this point is moot: the bankruptcy court already granted the Trustee judgment in the adversary proceeding, and Ms. Farina is not entitled to relitigate that issue in the exemption proceedings.

13

declarations or affidavits.

Even if the Trustee's submissions were not offered in admissible form, summary judgment was appropriate. Civil Rule 56(c)(2) provides that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Regardless of the form of the Trustee's submissions, there is no doubt that the Trustee could offer them in admissible form.

## B. The bankruptcy court did not err in denying Ms. Farina's request to conduct discovery.

Finally, Ms. Farina argues that the bankruptcy court erred in granting the Trustee summary judgment despite her request for additional discovery under Civil Rule 56(d). We disagree.

Civil Rule 56(d) provides:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

"To justify a continuance [the movant] was required to show: '(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment.'" *Alanis v. Nelson*, 561 F. App'x

14

595, 596 (9th Cir. 2014) (citation omitted).

The bankruptcy court did not explicitly address Ms. Farina's Civil Rule 56(d) request in its decision, so we review the issue de novo. Nevertheless, she fails to articulate any reason warranting reversal.[6] We do not consider arguments not raised in the appellant's opening brief. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.").

Even if we considered the argument, we would discern no error. Ms. Farina failed to offer the required affidavit or declaration detailing the specific facts she hoped to elicit from discovery and the reasons why she had been unable to conduct discovery. She argued in her opposition to the Motion that the Trustee's adversary proceeding to avoid and recover the Nicolosi and Alpha Lyons liens was still pending, so she was entitled to conduct discovery as to the validity of the liens. But, as we discussed above, the validity of the liens was not a material, disputed fact, because the Trustee took action to avoid them, and that is enough to preclude Ms. Farina from claiming a homestead exemption under § 522(g)(1). Moreover, the bankruptcy court ultimately entered judgment against the Nicolosis and Alpha Lyons and avoided the liens.

---

[6] Ms. Farina's opening brief contains a heading and partial paragraph addressing Civil Rule 56(d) but then appears to skip a page. She did not correct the omission in her reply brief, even though the Trustee pointed out the missing page.

## CONCLUSION

The bankruptcy court did not err in granting the Trustee summary judgment on her objection. We AFFIRM.